THE STATE OF OHIO, APPELLEE, v. WALDBILLIG, APPELLANT.

[Cite as State v. Waldbillig, 1 Ohio St. 2d 50.]

(No. 38833—Decided December 29, 1964.)

Mr. *Raymond E. Shannon,* prosecuting attorney, and *Mr. Michael M. Nikolin,* for appellee.

Mr. *James N. Perry,* for appellant.

TAFT, C. J.  Because the automobile was searched without a warrant and was not searched at the time that defendant and its other occupants had been arrested and before they had been taken to the police station, the Supreme Court of the United States requires a state court to suppress as evidence all the items found as a result of that search.  See *Preston* v. *United States* (1964), 376 U. S., 364, 11 L. Ed. (2d), 777, 84 S. Ct., 881; *Stoner* v. *California* (1964), 376 U. S., 483, 11 L. Ed. (2d), 856, 84 S. Ct., 889. Cf. *Ker* v. *California* (1963), 374 U. S., 23, 10 L. Ed. (2d), 726, 83 S. Ct., 1623.

However, it is clear that the machete knife was not found as a result of any unreasonable search.  It was clearly visible and seen by one of the arresting officers at the time of defendant's arrest.  Also, it is apparent that the .38 caliber revolver was not found as a result of any unreasonable search. After the lawful arrest of those in possession of defendant's automobile, the police rightfully took possession of that automobile and removed it to the police station.

One of the reasons for permitting a search as incident to a lawful arrest is to avoid destruction of evidence by the arrested person or his friends or accomplices.  *Preston* v. *United State, supra.*  That reason would fully support the action of the police in taking possession of the automobile and removing it to the police station.

The .38 caliber revolver was found as a result of the police doing this (something which they had a lawful right and duty to do) and not as the result of any search of the automobile.

We are therefore of the opinion that the Common Pleas Court properly refused to suppress as evidence either the machete knife or the .38 caliber revolver which was admitted in evidence against defendant.

In the indictment in the instant case, it is charged that defendant "unlawfully did carry concealed on or about his person a dangerous weapon, to wit: a .38 caliber revolver and one home-made knuckles."

The statute under which defendant is charged (Section 2923.01, Revised Code) states, so far as pertinent:

"No person shall carry a pistol, bowie knife, dirk *or* other dangerous weapon concealed on or about his person * * *." (Emphasis added.)

It would have been sufficient to support defendant's conviction to show that he carried "concealed * * * about his person" either the .38 caliber revolver found under the seat of his automobile which he had been driving shortly before his arrest or the "home-made knuckles" found in the glove compartment of his automobile.

As hereinbefore pointed out, the revolver was properly admitted in evidence against him and a jury could hardly have found with reason that he had not been carrying it concealed about his person. In other words, if the jury applied the law to the evidence properly admitted against defendant, the jury could reasonably reach no other conclusion than that defendant was guilty of the crime of carrying a pistol concealed about his person. Hence, it would be difficult to find that the admission in evidence of the chain, hacksaw blades, tin snips and pair of knuckles, which were found in the illegal search of defendant's car, could have contributed to defendant's conviction. In our opinion, there is not, to use the words of Mr. Chief Justice Warren in the opinion of the court in *Fahy* v. *Connecticut* (1963), 375 U. S., 85, 11 L. Ed. (2d), 171, 84 S. Ct., 229, "a reasonable possibility that" the admission of that illegally obtained "evidence complained of might have contributed to the conviction" of defendant. Certainly, it cannot be said that the defendant may have been prejudiced by the erroneous admission of that evidence. Section 2945.83, Revised Code, provides in part:

"No motion for a new trial shall be granted or verdict set

aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(C) The admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby * * *."

In our opinion, therefore, the judgment of conviction must be affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, GRIFFITH and HERBERT, JJ., concur. O'NEILL and GIBSON, JJ., dissent.

GIBSON, J., dissenting. The majority of this court finds that the homemade knuckles, chain, two hacksaws and tin shears are all items that should have been suppressed as evidence by the trial court since they were obtained by an unconstitutional search of the defendant's automobile. I agree.

This leaves two items to be considered, the revolver and the machete. The majority of the court finds that the revolver was properly not suppressed since one of the arresting officers, Officer Fye, discovered it when he was lawfully removing the car to the police station. As to the machete, the other arresting officer, Officer Vandergriff, testified that he saw it lying on the rear floorboards of the car at the time of the arrest. However, the trial court did not refuse to suppress the revolver and machete on the ground that the police officers lawfully learned of their presence prior to the illegal search. The fact that all items found were admitted on the basis that the search was incidental to the arrest argues against any consideration of the testimony concerning their lawful discovery prior to the unlawful search. Further, as the trial court determined that the search was lawful, there would have been no need to consider such testimony.

The testimony respecting the discovery of the revolver was conflicting. The defendant stated that he put the revolver on the car seat at the time of the arrest. Officer Fye first stated

that he was driving the defendant's car to police headquarters when he kicked the gun with his foot. He later stated that he kicked it when he got into the car and also testified that he kicked it when the car was coasting down grade, with a dead battery, to a gas station. Officer Vandergriff testified that the gun was found at the time of the illegal search when Officer Fye ran his hand under the seat.

From the trial court's remarks when the defendant's renewed motion to suppress the evidence was overruled, it is apparent that the conflicting testimony regarding the discovery and seizure of the revolver and the credibility of the testimony regarding the discovery and seizure of the machete were not considered. That court thought that the complete search was lawful. In my opinion, the determination of these factual issues is not a proper function of this court.

All members of the court are in agreement that whether the admission of unconstitutionally obtained evidence is prejudicial is, to use the words of Chief Justice Warren in *Fahy* v. *Connecticut* (1963), 375 U. S., 85, 11 L. Ed. (2d), 171, 84 S. Ct., 229, "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." I do not agree with the findings of the majority that "the jury could reasonably reach no other conclusion than that defendant was guilty of the crime of carrying a pistol concealed about his person. Hence, it would be difficult to find that the admission in evidence of the chain, knives, hacksaw blades, tin snips and pair of knuckles, which were found in the illegal search of defendant's car, could have contributed to defendant's conviction. * * * Certainly, it cannot be said that the defendant may have been prejudiced by the erroneous admission of that evidence."

My disagreement with the above-quoted findings rests upon three premises. First, the indictment charges the defendant with carrying "concealed on or about his person a dangerous weapon, to-wit: a 38 caliber revolver and one homemade knuckles." The jury returned a general verdict finding the defendant guilty of "carrying concealed weapons." From the general verdict it cannot be ascertained whether the jury found the defendant guilty in reliance upon both the revolver and the knuckles or the revolver only or the knuckles only. In my opin-

ion, even assuming that the revolver was admissible, the jury may well have found the defendant innocent of concealing the revolver but guilty of concealing the knuckles.

When this court on its own motion finds that there was sufficient evidence to convict defendant of carrying a pistol concealed about his person, it makes a determination that it cannot be sure was made by the jury in view of the general verdict. It may well be that, if the illegally seized evidence was excluded and only the conflicting evidence regarding the presence of the revolver was admitted, the jury would have found the defendant innocent. For this court to decide this issue is to deprive defendant of his right to have a jury find him guilty as guaranteed by Sections 5 and 10 of Article I, Ohio Constitution.

Second, if the indictment is construed narrowly, as only charging defendant with concealing a revolver, the nature of the other items of unconstitutionally obtained evidence is such as I think would "reasonably" inflame the jury so that it would more readily believe testimony concerning the revolver and even be so inflamed as to bring in a verdict against the defendant *despite* its objective findings.

Third, it may well be that, after the trial court admitted all the physical evidence seized, the jury regarded the indictment as charging defendant generally with carrying concealed weapons and thus based the verdict, partly or entirely, on evidence of defendant's carrying of concealed weapons other than those specifically enumerated in the indictment. In such case, though there be other evidence sufficient to support the conviction, the rule regarding coerced confessions would be applicable. As the Supreme Court of the United States in *Payne* v. *Arkansas* (1958), 356, U. S., 560, 568, said: "* * * where, as here, a coerced confession constitutes part of the evidence before the jury and a general verdict is returned, no one can say what credit and weight the jury gave to the confession. And in these circumstances this Court has uniformly held that even though there may have been sufficient evidence, apart from the coerced confession, to support a judgment of conviction, the admission in evidence, over objection, of the coerced confession vitiates the judgment because it violates the Due Process Clause of the Fourteenth Amendment." See *Spano* v. *New York*

57

(1959), 360 U. S., 315; *Watts* v. *Indiana* (1949), 338 U. S., 49; *Malinski* v. *New York* (1945), 324 U. S., 401; *Lyons* v. *Oklahoma* (1944), 322 U. S., 596.

Accordingly, I would reverse the judgment and remand the cause for a new trial with only lawfully seized evidence being admitted in evidence.

O'NEILL, J., concurs in the foregoing dissenting opinion.