THE STATE OF OHIO, APPELLEE, *v.* STOTTS, APPELLANT.

[Cite as State v. Stotts, 8 Ohio App. 2d 97.]

(No. 5823—Decided October 14, 1966.)

*Mr. James V. Barbuto,* prosecuting attorney, and *Mr. Gustav Goldberger,* for appellee.

*Mr. Joseph P. Wheeler,* for appellant.

HUNSICKER, J. This is an appeal on questions of law by Willie Stotts from a judgment of guilty of the offense of carrying concealed weapons. Stotts was represented by court-appointed counsel in the trial court, and by another court-appointed counsel in this court. The complaint in this court is:

"The court erred in overruling the motion to suppress the evidence obtained by search of the defendant; and erred in permitting the introduction of brass knuckles into evidence."

In this case, as in nearly all criminal cases, there is a great conflict in the testimony. The jury were entitled to believe all or any part of the testimony of the police officers, and to believe all or any part or to disbelieve all of the testimony of Stotts. They chose to believe the police officers, and with that conclusion this court cannot lawfully disagree.

The chief gravamen of this appeal concerns the nature of the search of the person of Stotts, and the seizure of the brass knuckles from his person. From the testimony of the officers

the jury determined that an automobile in which Stotts and a companion were sleeping was parked on the east side of Norton Avenue, Akron, Ohio, headed south. It was thus in a reverse position, and, because it was so parked, it attracted the attention of the officers, who went to the motor vehicle for the purpose of investigation and to put on the windshield thereof a traffic violation notice or, as it is commonly called, a traffic ticket.

While in the act of so attaching the traffic ticket, one of the officers noticed leather thongs hanging from the wrist of one of the two sleeping occupants. From his knowledge and experience as a police officer, and his use of a similar article, he knew this was part of a "blackjack" concealed in the sleeve of that person. At or about the same instant, he noticed Stotts, who was also asleep, and saw through his tight trousers the outlines of a pair of "brass knuckles," a dangerous instrument with which he was also familiar, and with which he had had experience. He called the officer who accompanied him to look at both of the sleeping occupants, and at the objects above mentioned. The other officer, also knowledgeable about both objects, confirmed the conclusion reached by the first officer. The occupants of the vehicle were awakened, required to get out of the automobile, and were searched. On one was found a blackjack, and on the other one the brass knuckles. A search of the vehicle disclosed a loaded 32-caliber revolver and a long open-blade knife in the glove compartment. (As to these latter items there is no finding of guilt, and we cannot be concerned with them in this opinion, although Stotts was indicted for possession of the revolver.)

At the trial a motion was made to suppress the evidence and to deny admission of any items taken from Stotts or his motor vehicle. The court admitted all these articles into evidence, although Stotts was found guilty only of possession of the brass knuckles taken from his person. It is this ruling to which objection is here made. It hence becomes necessary to discuss the question of the right of a police officer to search a person in the position of Stotts, the occupant and the admitted operator of the motor vehicle parked unlawfully on the public highway.

The subject of search and seizure of contraband articles

without a warrant has been a matter of continuous judicial review since the case of *Mapp* v. *Ohio*, 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, 84 A. L. R. 2d 933. Ohio, in following this rule, said in *State* v. *Bernius*, 177 Ohio St. 155: ''Any evidence, no matter how reliable, acquired as a result of an unreasonable search must be suppressed.''

Is a search of a person found sleeping in an unlawfully parked motor vehicle unreasonable, where the police officer, in looking into such vehicle, sees outlined on the person of that sleeping occupant that which he, through experience and prior knowledge of the subject, upon search, finds to be a concealed weapon?

It is not the custom of those criminally inclined to parade in the open any of the means of their criminal conduct. It is for that reason the experience and knowledge of a police officer is of great value in preventing crime.

''It has long been held that a search pursuant to a lawful arrest is reasonable, and evidence obtained thereby is admissible.''

*Saulsbury* v. *Green, Supt.*, 175 Ohio St. 433, at 434. See, also, *Harris* v. *United States*, 331 U. S. 145, 91 L. Ed. 1399, 67 S. Ct. 1098; and *Draper* v. *United States*, 358 U. S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329.

In the case of *Brinegar* v. *United States*, 338 U. S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302, in speaking of the quantum of proof necessary to establish probable cause, the court, at 338 U. S. 173, said:

''* * * There is a large difference between the two things to be proved [guilt and probable cause], as well as between the tribunals which determine them, and therefore a like difference in the *quanta* and modes of proof required to establish them.''

In that case, the officer making the search and seizure depended only on the fact that he had previously arrested Brinegar for a similar offense and, from observation of the motor vehicle Brinegar was operating, concluded he was engaged in illegally transporting liquor.

In the case of *Carroll* v. *United States*, 267 U. S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A. L. R. 790, the search, without a warrant, of an automobile moving on the highway was approved

where, by sight, the officer recognized the driver and the vehicle as being formerly engaged in the illegal liquor traffic.

In both instances, the court found probable cause for the arrest, search and seizure and refused to suppress the evidence.

While a search and seizure without a warrant is invalid, unless it comes within one of the recognized exceptions to the rule that a warrant must first issue (*Stoner* v. *California,* 376 U. S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889), nevertheless, an officer, while in a place where he may lawfully be, may make an arrest, and search and then seize, without a warrant, a contraband article which he sees in the possession of, and on the person of, the individual whom he arrests and searches. An arrest thus made is based upon probable cause. *Ker* v. *California,* 374 U. S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623; *State* v. *Waldbillig,* 1 Ohio St. 2d 50; and *Beck* v. *Ohio,* 379 U. S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223, 3 Ohio Misc. 71.

It is the conclusion of this court that probable cause existed herein for the arrest and search of the person of Stotts. The brass knuckles upon which his guilt was founded were properly admitted into evidence. There was no invasion of his constitutional rights by the act of the arresting officer. The judgment must be affirmed.

*Judgment affirmed.*

Doyle, P. J., and Brenneman, J., concur.