**UNITED STATES of America,
Plaintiff,**

v.

**Georgia R. BANNER, etc., Defendant.**

**Crim. A. No. 7232.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 12, 1972.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

W. Scott Trundle, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

Aggrieved by an allegedly unlawful seizure of a contraband weapon by law enforcement officers, the defendant Mrs. Georgia R. Banner has moved to suppress for use as evidence herein the weapon, on the ground that the property was illegally seized without a warrant. Rule 41(e) (1), Federal Rules of Criminal Procedure. The Court received evidence on the issues of fact necessary to a decision of the motion on May 11, 1972. *Idem.*

It is stipulated that the weapon was seized from Mrs. Banner's vehicle without a warrant. The prosecution contends that such seizure was legal, because a law enforcement officer, in "hot pursuit" of a fleeing suspect, for whose arrest the officers had a warrant, opened the door of the vehicle to ascertain if the suspect might be therein, and then saw the butt of a weapon which, upon further investigation, proved to be the contraband weapon, which was thereupon seized on the basis of the open view doctrine. See Stotts v. Perini, C.A. 6th (1970), 427 F.2d 1296, 1297–1298 [2].

Messrs. John Winters, Carl Turner and Grant Whitehead, deputies sheriff of Carter County, Tennessee, were seeking to serve an arrest warrant upon Mr. Ford Townsend, charging him with an assault with a shotgun with intent to commit murder. They received information via radio transmission on the evening of September 5, 1971 that Mr. Townsend was then an occupant of a red-and-white Ford pickup truck, bearing 1971 Tennessee license plates no. SK–2423.

The officers saw this truck on the Simarly Creek road in Carter County, Tennessee, followed it to the intersection with U. S. highway route no. 19E, and, by the use of police vehicle warning lights, caused the vehicle to stop. As it slowed for such purpose, a male person emerged from its driver's side and fled.

Mr. Winters tentatively identified the fleeing person as the suspect Mr. Townsend.

The pursuing officers were unsuccessful in overtaking and apprehending Mr. Townsend. At some time afterward, the three officers had regrouped at the parked vehicle. The weapon in question had previously been placed in the small space behind the front seat of the vehicle and in front of the rear of its cab, about six inches above the floorboard. It was not established whether the weapon had been placed therein barrel-first or butt-first.

Mr. Turner testified that he opened the door on the passenger side of the vehicle to ascertain whether either of the two male occupants therein was Mr. Townsend, with whom he was not acquainted by sight or otherwise. He stated further that, when he had opened such door, there was in open view what appeared to him to be the butt of a gun in the aforedescribed space. Mr. Turner testified that he then directed the beam of his flashlight on the object, confirmed to his satisfaction that it was a weapon, and removed it " * * * for my own safety * * * ".

His account is not undisputed. Mr. Boyd McKinney, one of the passengers in the vehicle, testified that, before the door on the passenger side of the vehicle was opened, one of the officers had opened the door on the driver's side of the vehicle, caused the occupants to lean forward, and searched underneath the seat and in the aforementioned space; that two of the officers then searched, with the aid of flashlight beams, the bed of the vehicle as well as underneath the bed; that the officers then required him and another passenger, Mr. Jackie Elliott, to alight therefrom; whereupon, one of the officers again searched the aforementioned space on the driver's side and discovered and removed the contraband sawed-off-shotgun. Mr. McKinney's testimony is substantiated by that of the defendant Mrs. Banner.

Mr. Turner evinced a difficulty in observing the details of the events that

transpired before the seizure of the weapon as well as a difficulty in recalling accurately those events. He stated on direct examination that he could not recall whether he remained where the truck was parked while his associates were pursuing Mr. Townsend, or had left that area and driven the official car a considerable distance down the highway. When he was recalled to the witness stand by the Court, he stated he then remembered having driven some half-mile down the highway in that period. He was unable to give any reason why it was considered necessary for him to open the door of the truck to determine whether Mr. Townsend was therein, when one of the officers also present at the time claimed to know Mr. Townsend on sight and could have provided him (Mr. Turner) with this additional information.

" * * * It has long been settled that objects falling in the plain view of an officer *who has a right to be in the position to have that view* are subject to seizure. * * * " (Emphasis added.) Harris v. United States (1968), 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067, 1069–1070 [3]. It is also recognized that an officer has a right to be in the position to have such a view " * * * while in 'hot pursuit' of a fleeing suspect. * * * " Coolidge v. New Hampshire (1971), 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564, 582 [11] (per Mr. Justice Stewart with three justices concurring and one justice concurring in the judgment).

The situation *sub judice* is distinguishable on the facts from Riggins v. United States, D.C.Tex. (1966), 255 F. Supp. 777. There, a person in a pickup truck was stopped by officers for a traffic violation. He was asked to produce his driver's license, and when he did not do so, he was required to alight from the truck. When the door thereof was opened, the officers saw in plain view a sawed-off shotgun partially under the front seat. That weapon was then lawfully seized as an incident to the lawful arrest. *Ibid.,* 255 F.Supp. at 783 [10].

Even under his own statement, Mr. Turner lacked prior justification for an intrusion into the vehicle of Mrs. Banner, in the course of which he came across a piece of evidence incriminating her. *Cf.* Coolidge v. New Hampshire, *supra,* 403 U.S. at 466, 91 S.Ct. 2022, 29 L.Ed.2d at 583 [11]. He was not acquainted by sight with Mr. Townsend; he had no means of personally ascertaining whether either of the two male persons then occupying the cab of the truck was Mr. Townsend, who, if, in fact, Mr. Turner had departed the place where the truck was parked, could have returned after fleeing and reentered it; but, he did have at hand a fellow-officer who did know Mr. Townsend by sight, and he could have with facility and within constitutional limits have obtained the information he needed in connection with the pursuit by merely making appropriate inquiry of such fellow-officer.

This Court is of the opinion, and hereby finds, that a reasonably prudent and cautious officer, in a situation similar to that in which Mr. Turner found himself, would have respected the constitutional right of Mrs. Banner to be secure in her vehicle against an unreasonable search, Constitution, Fourth Amendment, and would have obtained the additional information needed in the course of the pursuit, by asking a simple question of a knowledgeable person who was present, available, and participating with him in the pursuit.

" * * * In general, the test to be applied in determining whether a search and seizure is unreasonable is whether the thing done, in sum of its form, scope, nature, incidents and effect, impresses as being fundamentally unfair or unreasonable in the specific situation when the immediate end sought is considered against the private right affected. * * * " United States v. Cook, D.C.Tenn. (1962), 213 F.Supp. 568, 571 [5]; United States v. Haskins, D.C. Tenn. (1962), 213 F.Supp. 551, 553 [1]. Mrs. Banner, when she was detained by the officers, had violated no law, either personally or with her vehicle. She had

remained seated therein with its doors closed all the while the pursuit was in progress. Her private right against unreasonable search of her vehicle was invaded by a law enforcement officer, in a form and nature wholly unnecessary to his immediate end of capturing a fleeing suspect. Thus, the prosecution has utterly failed to justify the warrantless intrusion of her vehicle by a person who had no lawful right to place himself in a position to expose the contraband to open view.

The motion of the defendant hereby is sustained, and the evidence of the contraband discovered hereby is suppressed. The prosecuting attorney having represented that there is no evidence, other than that suppressed, to support a conviction herein, a judgment of acquittal hereby is entered, Rule 29(a), Federal Rules of Criminal Procedure, and the defendant Georgia R. Banner, also known as Georgia R. Townsend, hereby is released from custody.