CITY OF WARRENSVILLE HTS., APPELLANT, *v.* TOTH, APPELLEE.

(No. 32981—Decided October 24, 1974.)

*Mr. Howard S. Stern,* for appellant.
*Mr. Joseph J. LoPresti,* for appellee.

MANOS, J. This is an appeal by the City of Warrensville Heights from a decision of the Bedford Municipal Court granting defendant's motion to suppress evidence obtained by the police while inventorying the contents of his impounded vehicle under the following circumstances. On April 5, 1973, a Warrensville patrolman arrested the defendant on a traffic charge, viz. entering an intersection against a red light and operating an automobile on a temporary permit unaccompanied by a licensed driver. After a lieutenant arrived at the scene in response to the patrolman's radio call, the patrolman frisked the defendant and finding nothing on him, took him into custody, leaving the lieutenant with defendant's vehicle, which he removed

to a storage lot for impounded vehicles. At the lot, the lieutenant, without defendant's consent, made an inventory of the contents incident to securing the vehicle, and found a .38 caliber loaded and cocked automatic pistol under the driver's seat. When ordered to empty his pockets at the police station, defendant produced four rounds of live .38 caliber ammunition. Thereupon, defendant was charged with carrying concealed weapons in violation of R. C. 2923.-01 in addition to the traffic charges. At the pretrial hearing on the carrying concealed weapon charge, defendant moved to suppress the evidence which motion was granted on the ground that the inventory taking was an unreasonable search and seizure prohibited by the Fourth Amendment.

The appellant claims reversible error in that (1) the defendant's vehicle was lawfully in possession by the police and (2) the routine inventory of the vehicle's contents was proper and was made pursuant to a Warrensville Heights Police Department regulation to safeguard them from loss or damage.

The Fourth Amendment of the United States Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

Except for the substitution of "possessions" for "effects," the provisions of Article I, Section 14 of the Ohio Constitution are substantially the same.

We are not without precedent in this case, for the Supreme Court of Ohio decided two cases involving searches of automobiles in December, 1964. The first is *State of Ohio* v. *Bernius,* 177 Ohio St. 155, 29 Ohio Op. 2d 359, which arose under the following circumstances. A driver named Miss Young was arrested for changing lanes in violation of traffic ordinances. She was unable to produce a driver's license or a registration certificate and was thereupon also charged with operating a motor vehicle without a license.

She and the automobile were then removed to the police station, where she gave the keys to the police.

They found a suitcase in the trunk containing lewd and lascivious photographs for which the defendant was indicted, tried and convicted. The Common Pleas Court denied defendant's motion to suppress the photographs as evidence. The judgment was reversed and the defendant was discharged. The applicable rule of law is stated in the syllabus as follows:

"1. Any evidence, no matter how reliable, acquired as a result of an unreasonable search must be suppressed. (*Mapp* v. *Ohio,* 367 U. S. 643, followed.)

"2. A search without a warrant of an automobile, made after the possessor thereof has been lawfully arrested and removed with the automobile to a police station, is unreasonable. (*Preston* v. *United States,* 376 U. S. 364, followed.)"

The second authority referred to is *State of Ohio* v. *Waldbillig,* 1 Ohio St. 2d 50, 30 Ohio Op. 2d 28, in which the first branch of the syllabus reads:

"1. Where those in possession of and occupying an automobile have been lawfully arrested and removed to a police station, the police may lawfully take possession of such automobile and remove it to the police station; and, if, in doing so and not as the result of any search of such automobile, the police find incriminating evidence therein, such evidence may be admissible."

The opening paragraph of the opinion restates the determinative elements of the rule as follows:

"Because the automobile was searched without a warrant and was not searched at the time that defendant and its other occupants had been arrested and before they had been taken to the police station, the Supreme Court of the United States requires a state court to suppress as evidence all the items found as a result of that search. See *Preston* v. *United States* (1964), 376 U. S. 364, 11 L. Ed. (2d) 777, 84 S. Ct. 881; *Stoner* v. *California* (1964), 376 U. S. 483, 11 L. Ed. (2d) 856, 84 S. Ct. 889. Cf; *Ker* v. *California* (1963), 374 U. S. 23, 10 L. Ed (2d) 726, 83 S. Ct. 1623."

In the cited case, the police were investigating a break-in at a laundromat and were given a description of the individuals, their get-away car and its license number. The automobile was subsequently located and the occupants were searched, arrested and taken to the police station. Thereafter, the automobile was driven to the police station by a police officer, whose foot came into contact with a steel object which turned out to be a .38 caliber revolver. Upon reaching the police station, the automobile was searched without consent or warrant, and a chain, hacksaw blades, tin-snips and "home-made knuckles" were discovered. Defendant was indicted and tried on the charge of carrying concealed weapons, to wit, a .38 caliber revolver and one home-made knuckles. Defendant's pretrial motion to suppress as evidence all of the items found in his automobile was overruled, they were introduced in evidence against him, and he was found guilty. While two of the Supreme Court judges dissented, all agreed that the home-made knuckles, chain, two hack-saws and tin shears should have been suppressed as evidence by the trial court since they were obtained by an unconstitutional search of the defendant's automobile. The difference of opinion was centered around conflicting testimony concerning the discovery of the revolver.

In view of these two pronouncements by the Ohio Supreme Court, it would be futile to give consideration to conflicting decisions in other states or in other federal districts. The instant case cannot be differentiated on the facts, and the rule laid down in *Preston* v. *United States, supra,* and followed in the two decisions of our state Supreme Court must be held to be determinative. Even if the contentions of appellant are accepted as valid, this does not permit the circumvention of the principle set forth in the second branch of the syllabus in *State of Ohio* v. *Bernius, supra,* and the first branch of the syllabus in *State of Ohio* v. *Waldbillig, supra.* The judgment of the Bedford Municipal Court is therefore affirmed.

*Judgment affirmed.*

JACKSON, P. J., and CORRIGAN, J., concur.