THE STATE OF OHIO, APPELLEE, v. KUYKENDALL, APPELLANT.

[Cite as State v. Kuykendall (1977), 51 Ohio App. 2d 215

(No. 1455—Decided February 9, 1977.)

Mr. Robert N. Gluck, for appellee.
Mr. David L. Winner, for appellant.

MAHONEY, J. This is an appeal from a conviction and sentence in the Court of Common Pleas for possessing hallucinogens for sale, in violation of R. C. 3719.44(B). The defendant, Donald Eugene Kuykendall, asserts five assignments of error, arising out of the court's failure to suppress evidence obtained under an alleged improper and insufficient search warrant. We affirm.

On the evening of April 8, 1976, the affiant, James W. Wheadon, appeared at an evening session of the Wayne County Municipal Court. He had in his possession a form styled "Affidavit and Journal Entry for Search Warrant." The blanks were filled in but neither the affidavit nor journal entry were signed. Wheadon had a few sheets of paper attached to the form, one of which was an unsigned affidavit

setting forth some facts in addition to those in the form. The rest of the papers were a list of the serial numbers of United States currency allegedly used to purchase marijuana earlier that evening. Mr. Wheadon was sworn in by the chief deputy clerk of the court, Marjorie Vore, in the presence of the judge of the court. The judge read the affidavits and Wheadon acknowleged that they were true and signed them. His acknowledgement on the affidavit form and the separate attached affidavit were both by Marjorie Vore.

The parties then went into the court room where Wheadon was sworn in as a witness and examined by the city prosecutor concerning the basis of his information and the facts upon which he was requesting a search warrant. This testimony was substantially the same as that contained in the affidavit for a search warrant and the separate affidavit.

Wheadon testified that earlier in the evening he had gained some information from a reliable informant that defendant, Kuykendall, was in the possession of a quantity of marijuana. Wheadon then arranged for the informant to be furnished with a hidden microphone and some marked currency. The informant then contacted a known but unnamed dealer, (X). Wheadon listened to and recorded the conversations between the informant and X. The informant accompanied X to the village of Marshallville, where he waited in a parking lot while X went into Kuykendall's home with the marked currency to make the purchase. X returned with a brown paper bag containing green vegetable matter which he turned over to the informant. This activity was observed by another Med-Way agent (Medina-Wayne County drug enforcement group) outside the home. The informant and X separated. The informant joined the affiant and other agents of Med-Way and gave them the bag. A field test was run on the green vegetable matter. This test revealed the matter was marijuana.

Wheadon testified he felt it was necessary to obtain a search warrant forthwith in the night season to recover

the "marked" currency and seize the contraband marijuana and other drug paraphernalia in the Kuykendall home. The judge granted and signed the search warrant. Wheadon then turned the warrant over to the sheriff who executed the warrant and seized the contraband which the defendant now seeks to suppress.

Defendant appeals and alleges as error:

"I. The trial court erred in overruling defendant's motion to quash the search warrant and suppress evidence on the ground that the affidavits upon which the warrant was issued lacked factual matter upon which a neutral magistrate could find that the informant was reliable or credible.

"II. The trial court erred in overruling defendant's motion to quash the search warrant and suppress evidence on the ground that the warrant was issued for the search of 116 Market Street, Marshallville, Ohio, rather than 16 Market Street, Marshallville, Ohio, the latter being the place actually searched under color of said warrant.

"III. The trial court erred in overruling defendant's motion to quash the search warrant and suppress evidence on the ground that the affidavits to the search warrant were sworn to before a clerk of the court and not before the judge.

"IV. The trial court erred in overruling defendant's motion to quash the search warrant and suppress evidence on the ground that the affidavit affixed to the search warrant and upon which said warrant was issued failed to show reasonable cause for the execution of said warrant in the nighttime as required by law.

"V. The trial court erred in overruling the objection of defendant to question No. 14 at page 5, of Section III, Transcript, on the ground that the answer to said question was inadmissible into evidence at a hearing upon a motion to suppress evidence."

*Assignment of Error I.*

Our Supreme Court in *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, stated that when determining probable cause for the issuance of a search warrant, a trial judge

is bound by the standards set forth in the United States Supreme Court cases of *Aguilar* v. *Texas* (1964), 378 U. S. 108; *Spinelli* v. *United States* (1969), 393 U. S. 410; and *United States* v. *Ventresca* (1965), 380 U. S. 102.

We have examined the record here in accordance with the criteria of those three cases. We find that the affidavits were properly issued by a neutral magistrate and were based upon reliable and credible facts obtained from personal observation, hearsay and reliable informants from which the magistrate could determine probable cause sufficient to issue the warrant.

### Assignment of Error II.

This objection is without merit since the officers did, in fact, search the residence of Donald E. Kuykendall. This search was within their authority under the warrant. That the address was erroneously typed as "116" instead of "16 East Market Street" is inconsequential.

### Assignment of Error III.

Crim. R. 41.(C) provides that a search warrant may only issue upon an affidavit sworn to before a judge. Here, the affiant was sworn to by the deputy clerk of the court in the presence of the judge and the judge heard the affiant swear to its truthfulness before the clerk. Additionally, the affiant testified in open court, under oath before the same judge, to substantially the same facts contained in the form affidavit, as well as the separate affidavit (which supplemented the form affidavit). Affiant also testified to the necessity for the issuance of a warrant in the night season. All of that testimony was recorded and transcribed as required.

While we find that it is technically incorrect to have the affidavit acknowledged by the clerk, we find that such error was not prejudicial. The facts indicate that the defendant received all of his constitutional guarantees. The search warrant was issued by a neutral magistrate only after the receipt of a reliable and credible affidavit and sworn testimony. We believe these were sufficient to find probable cause to issue the warrant. This meets the Aguilar-Spinelli-Ventresca standards. We do not feel that

the error was of constitutional proportion and certainly was not prejudicial to the substantial rights of the defendant. See, Crim. R. 52 and R. C. 2945.83.

*Assignment of Error IV.*

We find sufficient facts in affiant's testimony before the trial court from which the judge could find reasonable cause for the issuance of a warrant to search in the night season in order to recover the "marked" currency from the home of Donald Kuykendall, as well as the other drug paraphernalia.

*Assignment of Error V.*

We find that the Court of Common Pleas judge erred in permitting the municipal judge to be examined regarding the circumstances surrounding his issuance of the warrant. This testimony would naturally be of a "bolstering" self-serving nature to explain his decision.

However, the municipal judge's testimony was basically a recitation of the affiant's testimony at the time of the hearing before the issuance of the warrant. The question was highly improper and went beyond the scope of the hearing, but it was not prejudicial. Crim. R. 52.

We overrule all of the assignments of error and affirm the judgment of conviction and sentence.

*Judgment affirmed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(c), Article IV, Consitution.