THE STATE OF OHIO, APPELLANT, *v.* SPAW, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* NOLAN, APPELLEE.

(Nos. 4-83-19 and -20—Decided November 14, 1984.)

*Stephen W. Ruyle,* for appellant.

*Wyss, Mochamer, Roby, Ryan & Myers, Harold W. Myers* and *Gregory M. Antalis,* for appellees.

GUERNSEY, J. These appeals by the state of Ohio are from judgments rendered by the Court of Common Pleas of Defiance County suppressing evidence seized by police authorities after search of a motor vehicle under the purported authority of search warrants issued out of the trial court.

The vehicle, of which ownership was not claimed by either of the defendants, was, prior to its impoundment and the search and seizure following impoundment, driven by the defendant Lee E. Nolan with the defendant Jerry L. Spaw as a passenger. Neither Nolan nor Spaw claimed ownership of the personal property, consisting of alleged burglary tools, as well as other property, seized after the search. Each of the defendants moved for the suppression of this evidence on various grounds. After a common hearing of the motions the trial court rendered its judgments from which these appeals were taken, each in the following pertinent words:

"This matter was heard upon the motion of the defendant to suppress evidence seized under authority of a search warrant.

"The first objection to the search arises from defendant's claim that the search warrant did not contain the signature of the Judge who issued the search warrant, nor by the Clerk of Court.

"While it is permissible for the Clerk to issue a search warrant upon order of the Judge, *State* v. *Kuykendoll* (1977), 51 Ohio App. 2d 215 [5 O.O.3d 354], a search warrant issued without the signature of the Judge or the Clerk is clearly invalid. Here, neither the Judge nor the Clerk signed the search warrant itself. Therefore the Court finds the search warrant invalid and orders the items seized under authority of the warrant be suppressed.

"The Court further finds that the state's claim that the items seized should be admitted because the officer had probable cause to search the vehicle at the time of the arrest, must also fail. The evidence indicates that the vehicle was towed to a garage without an inventory being made of the contents. It was only later that it was searched under authority of an invalid search warrant. After a vehicle has been taken to a garage for safe-keeping, a valid search warrant is necessary. *State* v. *Bernius* (1964), 177 Ohio St. 155 [29 O.O.3d 359], and *Ohio* v. *Waldbillig* (1964), 1 Ohio St. 2d 50 [30 O.O.2d 28].

"Having found the search to be invalid due to defects in the search warrant, the Court will not discuss nor act upon the other claims of defendant."

The following assignment of error is common to both appeals:

"Defendant charged with crimes of

possession may claim the benefits of exclusionary rule only if their [*sic*] own 4th amendment rights have in fact been violated. Where defendant claims no ownership or possessory interest either in the place searched or the items seized the defendant is not entitled to claim the benefits of the exclusionary rule. The trial court erred when granting defendant's motion to suppress where the defendant asserted neither ownership nor possessory interest in the place searched or items seized."

Although this might have been a valid claim if properly raised, it is clear from the trial court's judgment that it elected neither to "discuss nor act upon" this claim by the state, in the same manner as it refrained from discussing or acting upon the other claims of defendant. In any event, examination of the record, including the transcript of the hearing proceedings on the motion to dismiss, discloses that this claim by the state as to the lack of standing on the part of the defendants to contest the seizure was never raised by the state in the trial court.

Accordingly, the issue attempted to be raised by the state under this assignment of error has not been preserved for review by this court and, for such reason, we find this assignment of error, as to each appeal, to be without merit.

In the appeal of the *Nolan* case the state assigns as a second assignment of error:

"When an affidavit in support of a request for a search warrant, is executed properly by the previously sworn officer, in the presence of the reviewing judge, and signed by such judge, and when such judge executes a journal entry requiring the issuance of a search warrant, but further the issuing judge fails to execute the original search warrant, such failure is a ministerial oversight, and should not be fatal to the warrant intended to be issued."

The state's only argument for this position is that such error is merely ministerial in nature, which, under the authority of *United States* v. *Wyder* (C.A. 6, 1982), 674 F.2d 224, does not invalidate the search warrant. However, in that case the defect considered in the search warrant was a misstatement that the search under the warrant must be completed within five hours, rather than within five days. The warrant had been properly issued in all other respects and the appellate court regarded the defect insignificant and not sufficient to void the warrant.

Here, the trial court held the search warrant issued without the signature of either the "Judge" or the "Clerk" clearly invalid. In essence it said that the document did not constitute a search warrant *ab initio*. As to this, we agree.

Crim. R. 41 prescribes as to search warrants:

"(A)  A search warrant authorized by this rule may be issued *by a judge of a court of record* * * *." (Emphasis added.)

"(C)  * * * If the judge is satisfied that probable cause for the search exists, *he shall issue a warrant* * * *." (Emphasis added.)

"(D)  * * * Property seized under a warrant shall be kept for use as evidence *by the court which issued the warrant* * * *." (Emphasis added.)

"(E)  The judge before whom the warrant is returned shall attach to the warrant a copy of the return, inventory and all other papers in connection therewith and shall file them with clerk."

We are fully familiar with the recent decisions of the Supreme Court of the United States in the cases of *United States* v. *Leon* (1984), 82 L.Ed.2d 677, and *Massachusetts* v. *Sheppard* (1984), 82 L.Ed.2d 737, wherein it was held, respectively, notwithstanding that probable cause for the issuance of a search warrant did not exist, "[i]n the absence of an allegation that the magistrate

abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause" (82 L.Ed.2d at 700-701), and, where police officers, who were advised by a judge that all necessary clerical changes had been made in a defective warrant form, took every step that could reasonably be expected of them, there was an objectively reasonable basis for their mistaken belief that the search warrant authorized the search which the officers conducted, and the exclusionary rule would not be applied since the officers acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate which subsequently was determined to be invalid.

In the former of these cases the Supreme Court emphasized that the purpose of the exclusionary rule is the deterrence of illegal conduct on the part of the police officials and that when the warrant is facially valid, and their conduct is objectively reasonable, the fruits of the warrant will not be suppressed. The court additionally pointed out that it has expressed a strong preference for warrant searches and had declared that " 'in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fail.' " 82 L.Ed.2d at 693. It likewise recognized at 699:

"* * * Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient * * * that the executing officers cannot reasonably presume it to be valid."

79 Corpus Juris Secundum (1952) 776, Searches and Seizures, Section 1, defines "search warrant":

"* * * to be an order in writing in the name of the state, *signed by a magistrate* and directed to a peace officer, commanding him to search for personal property and bring it before the magistrate." (Emphasis added.)

See, also, *Kovacs* v. *State* (1921), 24 Ohio N.P. (N.S.) 1, 2, which would also permit signature by the court clerk.

In our opinion, what otherwise purports to be a search warrant is not a search warrant when it lacks any signature at all, and the officers here could not reasonably presume its validity. It never acquired the status of being merely voidable but did not exist as a warrant and was void *ab initio*. Moreover, with such defect being readily apparent on the face of the instrument it cannot be said that the officers exercising the "warrant" acted in good faith.

Accordingly, we find the second assignment or error in the *Nolan* case not well-taken.

Having found no error prejudicial to the state of Ohio, appellant herein, in either the *Spaw* case or the *Nolan* case, the judgments of the trial court suppressing as evidence the personal property seized by the execution of the void search warrant are hereby affirmed and the two causes are remanded to the trial court for further proceedings as are provided by law.

*Judgments affirmed.*

MILLER, P.J., and COLE, J., concur.