THE STATE OF OHIO, APPELLANT, v. WILLIAMS, APPELLEE.

[Cite as State v. Williams (1991), 57 Ohio St. 3d 24.]

(No. 89-2204—Submitted September 19, 1990—Decided January 9, 1991.)

*Alan R. Mayberry,* prosecuting attorney, *David E. Woessner* and *Jeffrey P. Nunnari,* for appellant.

*John P. Duffin,* county public defender, for appellee.

DOUGLAS, J. The issue presented to this court is whether a search warrant is void *ab initio* when the face of the document lacks a judge's signature. We find that it is. Therefore, any evidence obtained pursuant to such a search warrant must be suppressed.

The issue of whether a search warrant is void if not signed by a judge prior to a search was addressed by the court in *State v. Spaw* (1984), 18 Ohio App. 3d 77, 18 OBR 242, 480 N.E. 2d 1138. In *Spaw,* evidence was obtained in a search of the defendant's car. The search warrant authorizing the search had not been signed by a judge prior to that search. The court determined that the evidence obtained should be suppressed because the search warrant was defective. *Id.* at 79, 18 OBR at 244, 480 N.E. 2d at 1140. The court reasoned that "* * * what otherwise purports to be a search warrant is not a search warrant when it lacks any signature at all, and the officers here could not reasonably presume its validity. It never acquired the status of being merely voidable but did not exist as a warrant and was void *ab initio.*" *Id.* at 79, 18 OBR at 244, 480 N.E. 2d at 1140.

This issue is one of first impression for this court. We recognize that some other jurisdictions have held an unsigned search warrant valid where the judge's intent to sign was clear. Such courts have held, absent any statutory provision such as R.C. 2933.25, that where the judge's failure to sign is only a "mere oversight," the search warrant will not be found to be invalid.

See, *e.g., Yuma Cty. Attorney* v. *McGuire* (1973), 109 Ariz. 471, 512 P. 2d 14; *State* v. *Spaulding* (1986), 239 Kan. 439, 720 P. 2d 1047. However, we believe the better view is that expressed in *Spaw*, that a search warrant is void *ab initio* if not signed by a judge prior to the search.

We reach our decision for several reasons. Search warrants are issued pursuant to the authority found in R.C. 2933.21 and Crim. R. 41. R.C. 2933.25 dictates the form of a search warrant.[1] Included in the example form is the issuing judge's signature. Further, R.C. 2933.24(A) provides that "* * * [s]uch warrant *shall command* the officer to search such house or place or person named or described for the property or other things * * *." (Emphasis added.) A command without a known commander cannot be a command.

Indeed, the Supreme Court of Connecticut has recognized that a lawful signature on a search warrant, by the person authorized to issue it, is essential to its issuance. *State* v. *Surowiecki* (1981), 184 Conn. 95, 440 A. 2d 798. The court in *Surowiecki* concluded that a search warrant, which had been used to obtain evidence necessary for the defendant's arrest and which had not been signed by a judge prior to the search, did not issue under Connecticut law. *Id.* at 97, 440 A. 2d at 799. The court reasoned that only when the judge had affixed his signature to the search warrant would the search warrant be said to have been issued. *Id.* The signing of a search warrant is the only identifiable objective manifestation of a judge's subjective intent to issue a search warrant.

In part, the Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Section 14, Article I of the Ohio Constitution mirrors the Fourth Amendment. To best effectuate these rights, knowledge that a warrant has been properly issued is essential. Without having the signature of the authorizing magistrate affixed to the warrant, a citizen is left to guess whether such a warrant has validity.

In *People* v. *Hentkowski* (1986), 154 Mich. App. 171, 397 N.W. 2d 255, the court recognized several important reasons for requiring the signature of the issuing judge on a search warrant. The fact scenario in *Hentkowski* parallels that in the case at bar. The

---

[1] R.C. 2933.25 provides, with emphasis added:

"Warrants issued under section 2933.21 of the Revised Code shall be substantially in the following form:

"State of Ohio, . . . . . . . . County, ss:

"To the sheriff (or other officer) of said County, greeting:

"Whereas there has been filed with me an affidavit, of which the following is a copy (here copy the affidavit).

"These are, therefore, to command you in the name of the State of Ohio, with the necessary and proper assistance, to enter, in the daytime (or in the nighttime) into (here describe the house or place as in the affidavit) of the said . . . . . . . township of . . . . . . . in the County aforesaid, and there diligently search for the said goods and chattels, or articles, to wit: (here describe the articles as in the affidavit) and that you bring the same or any part thereof, found on such search, and also the body of E.F., forthwith before me, or some other judge or magistrate of the county having cognizance thereof to be disposed of and dealt with according to law.

"Given under my hand, this . . . . . . day of . . . . . . . . . . . . . . . .

"*A.B., Judge, County Court*"

defendant in *Hentkowski* was convicted of two counts of possession of an illegal substance based on evidence obtained in a search of his home. The search was conducted pursuant to a search warrant which had never been signed by a magistrate prior to the search. In reversing the defendant's convictions for possession, the Michigan court of appeals held that "* * * an unsigned search warrant is necessarily invalid." *Id.* at 179, 397 N.W. 2d at 259. The court determined that the signature requirement allows one to distinguish between an actual warrant and one that is legally unenforceable. *Id.* at 177, 397 N.W. 2d at 258. Further, the signature requirement provides both protection and assurance to property owners faced with the threat of a search of their property, in that they may review the document and determine whether or not they are required to allow officers to conduct the search. *Id.* at 179, 397 N.W. 2d at 259.

A signature requirement is indeed the best device for safeguarding an individual's rights as provided in the Fourth Amendment and Section 14, Article I of the Ohio Constitution. Signature requirements have long been recognized as fulfilling cautionary functions in protecting an individual's rights. As examples, in Ohio, we have signature requirements for wills and the transfer of real property. For an interest in land to be conveyed, Ohio law requires a writing signed by the party (or his agent) granting the interest conveyed. R.C. 1335.04. Also, a will (except an oral will) is invalid unless it is in writing and signed by the maker or another individual at the maker's direction. R.C. 2107.03. Certainly, the protection of one's right as guaranteed by the United States Constitution and the Constitution of this state to be free from unreasonable searches and seizures should not be granted any less protection than that afforded to property rights. To protect this constitutional right, it is necessary to require the signature of the issuing judge on a search warrant prior to the search.

Accordingly, we hold that a search warrant is void *ab initio* if not signed by a judge prior to the search. Evidence seized pursuant to such an invalid warrant must be suppressed.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY and H. BROWN, JJ., concur.

WRIGHT, J., concurs in judgment only.

HOLMES and RESNICK, JJ., dissent.

HOLMES, J., dissenting. I must dissent in that I strongly disagree that all search warrants which do not have the issuing judge's signature thereon are void *ab initio*. I do agree with the majority that better policy would dictate that the issuing judge's signature be placed upon the search warrant. However, there are instances when a strict adherence to such policy results in the "baby being thrown out with the bath water." All the facts in this matter, including the affidavit of Deputy Russell for the procurance of the search warrant which was signed by the judge who issued the warrant, show that the warrant was knowingly issued by the judge based upon probable cause, and executed properly by the deputy sheriff who had obtained the warrant.

The background facts which occasioned the warrant are briefly that an informant contacted the Fostoria

Police Department on two occasions concerning marijuana-growing activities within her immediate knowledge. This information corroborated prior information from another informant who had previously worked with that police department. Deputy Russell, on the basis of such information, prepared a sworn affidavit for a search warrant and spoke with the judge about issuing the warrant. The judge agreed that there was probable cause to issue the warrant and acknowledged Deputy Russell's signature upon the affidavit. Although signing the affidavit, the judge overlooked placing his signature upon the face of the search warrant as issued.

Both the affidavit seeking the search, and the warrant, specified the property of the defendant, Larry E. Williams, that was to be searched for and seized, and that was "[m]arijuana plants, growing paraphernalia, and any equipment relative to the cultivation, manufacture, or engagement in any part of the production of any controlled substance."

Deputy Russell testified that he saw the judge sign the papers that he had handed to the judge, but could not recall whether or not the judge had signed the search warrant in his presence or even if he had signed it at all. He did testify, however, that after the judge signed the papers the judge wished him good luck and advised him to execute the search warrant as soon as possible because of a problem with "leaks" of such information on past occasions.

The search warrant was executed the next morning without any indication in the record that the search was conducted in any other than a proper manner. The property that was seized and inventoried included growing marijuana plants, bagged marijuana plants, potted marijuana plants, a marijuana seed catalog, a marijuana leaf-style belt buckle, and many other marijuana growing and utilization paraphernalia. Williams was charged with and convicted of the possession of such materials.

It is my position that this warrant should be upheld, and the property held to be properly seized and not subject to suppression upon two bases. First, in that it has been clearly shown that the issuing judge had intended to command the search by acknowledging the affidavit of the procuring officer, this warrant was valid from its inception. Second, ministerial oversights, as here, should not void otherwise proper warrants and hold for naught the good faith efforts of a law enforcement officer who has properly and lawfully executed the authorization of such search warrant.

While the absence of a judge's signature on the face of a search warrant may be a factor in determining whether or not the judge intended for the warrant to issue, it should not be considered the only element by which such determination is made. Such an absence of a signature may be, as here, an oversight upon the part of the judge, and suppression in such instances where the executing officer acted in reasonable reliance upon what he believed to be a validly issued warrant would not serve the interests of the Fourth Amendment. Such was the conclusion of the United States Supreme Court in *United States* v. *Leon* (1984), 468 U.S. 897, where the court stated: "[A]s cases considering the use of unlawfully obtained evidence in criminal trials themselves make clear, it does not follow from the emphasis on the exclusionary rule's deterrent value that 'anything which deters illegal searches is thereby commanded by the Fourth Amendment.' " *Id.* at 910. Applying the good-faith-of-the-

officer rule, the court stated that "* * * [p]enalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." *Id.* at 921.

Ohio adopted the good faith exception in *State* v. *Wilmoth* (1986), 22 Ohio St. 3d 251, 22 OBR 427, 490 N.E. 2d 1236. In *Wilmoth*, this court held, at paragraph two of the syllabus, that "[w]here the officer's conduct in the course of a search and seizure is objectively reasonable and executed in good faith, excluding the evidence seized because the search warrant is found to be constitutionally invalid will not further the ends of the exclusionary rule in any appreciable way." *Wilmoth* dealt with a search warrant issued on an oral affidavit, contrary to the requirements of Crim. R. 41(C), and where the officers did not testify under oath as required by the United States Constitution and the Ohio Constitution. In upholding the search, this court focused on the police conduct during the *execution* of the warrant and correctly reasoned that the error committed was not that of the police in conducting the search, but rather was an error on the part of the magistrate in issuing the warrant. This court noted: " 'An error of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the judge, not the police officers, who made the critical mistake.' * * * Enforcement of the exclusionary rule suppressing evidence as a result of error by a magistrate can never deter future police misconduct." (Emphasis deleted.) *Id.* at 266, 22 OBR at 439-440, 490 N.E. 2d at 1247-1248.

In reaching its conclusions in *Wilmoth*, this court relied heavily on the language of *Leon, supra,* and stated at 265, 22 OBR at 439, 490 N.E. 2d at 1247, that "ordinarily it is not the responsibility of the officer to question the probable cause determination made by the magistrate or whether the warrant is technically deficient."

When applying the principles enumerated in *Leon*, the determination of whether or not exclusion is an appropriate remedy involves a two-step inquiry. The first step deals with whether or not a valid search warrant existed. If so, the good faith issue need not be considered. If, however, this first question is answered in the negative, then it needs to be determined if the good faith exception, in light of the facts and circumstances of the particular case, can be appropriately applied. See *Wilmoth, supra.*

There is no "signature requirement" for search warrants provided by statute in Ohio, by Constitution or by rule, and such signature must be considered as only ministerial in nature. Therefore an unsigned warrant, *per se*, does no violence to a substantive right of the defendant. Although the Constitution and the statutes do not specifically require such a signature, the majority here mandates such signature to validate an otherwise proper warrant and search pursuant thereto.

That the signature "requirement" for search warrants is not a substantive right of a defendant or constitutionally mandated is an issue that has been explored before. In *United States* v. *Turner* (C.A.2, 1977), 558 F. 2d 46, the United States Circuit Court of Appeals held, *inter alia*, that the signing of a search warrant is a "purely ministerial task." *Id.* at 50. The court further held that the substantive requirement of the Fourth Amendment is satisfied "[a]s long as the magistrate in fact performs the substantive tasks of determining probable cause and authorizing the issuance of the warrant * * *." *Id.*

In *Commonwealth* v. *Pellegrini* (1989), 405 Mass. 86, 539 N.E. 2d 514, the Supreme Judicial Court of Massachusetts found that the inadvertent failure of a judge to sign a search warrant is no more than a "clerical error" that does not nullify the warrant where the judge intended to issue the warrant and where he signed the officer's affidavit (facts strikingly similar to the facts here).

In like manner, in *State* v. *Spaulding* (1986), 239 Kan. 439, 720 P. 2d 1047, it was held that when a judge issues a warrant upon a finding of probable cause and intends that it be executed, but where he fails to sign the warrant itself, the reviewing court will look to the judge's intention at the time the warrant is issued.

In a number of jurisdictions, a showing of prejudice to the defendant is necessary in order to suppress the evidence where the warrant was obtained and executed in good faith. *United States* v. *Burke* (C.A.2, 1975), 517 F. 2d 377; *United States* v. *McKenzie* (C.A.6, 1971), 446 F. 2d 949; *United States* v. *Turner, supra.* The common thread which runs through these cases is to the effect that the Fourth Amendment was designed to protect against *unreasonable* searches and seizures, and that the reasonableness of a search needs to be examined in light of the totality of the circumstances of each case.

The search warrant in the instant case was issued only after a good showing of probable cause. The law enforcement officers did everything in their power to obtain the warrant. Furthermore, the deputies performed responsibly and professionally while executing the warrant and the evidence seized was highly probative of the criminal activities the officers had suspected and which they had hoped to uncover upon the execution of the warrant. There is no evidence that the officers were reckless in preparing the affidavits upon which probable cause was based. The only error committed was not on the part of the officers, but was that of the issuing judge. The intent of the issuing magistrate is clear through the testimony presented and the signing of the affidavit. Exclusion in this case would do nothing to advance the interests of the Fourth Amendment, nor would such suppression serve to advance the best interests of the judicial process, police enforcement of such process, or serve the interests of the general public in abating crime; therefore, the search in this case should be upheld.

On the basis of all the foregoing commentary, I would reverse the judgment of the court of appeals.

RESNICK, J., concurs in the foregoing dissenting opinion.