OPINION
Defendant, Janice Hardy, appeals from her convictions and sentences for theft, forgery, and receiving stolen property, which were entered upon Hardy's no contest plea after her motion to suppress evidence was overruled.
Janice Hardy was indicted on forty counts of various theft offenses arising from misuse of a credit card. Hardy filed a motion to suppress evidence obtained during a search of her residence, alleging that the search was not properly authorized by warrant. Hardy also filed a motion to suppress statements she made to police, arguing that her statements were the fruit of an illegal search.
The trial court overruled Hardy's motions to suppress evidence. Thereafter, Hardy entered into a negotiated plea agreement whereby she pled no contest to eight counts in exchange for a dismissal of the remaining thirty-two charges. The trial court found Hardy guilty and sentenced her to an aggregate total of four years imprisonment. Hardy filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR AN UNSWORN STATEMENT NOT PRESENTED CONTEMPORANEOUSLY WITH A PREVIOUSLY ISSUED SEARCH WARRANT CANNOT LATER BE USED TO SEARCH AN ADDRESS NOT REFERENCED OR CONTEMPLATED IN THE PREVIOUSLY ISSUED SEARCH WARRANT.
The physical evidence that Hardy sought to suppress was obtained in a search for which a warrant was issued. The motion to suppress evidence that Hardy filed alleges in very general terms that the searches of her property were "not properly authorized by warrant." The docket and journal entries do not demonstrate that any memorandums, either in support or contra, were filed. At the hearing on Hardy's motion to suppress, no argument was presented by either party regarding any specific defect in the warrant.
Only one witness, Det. Gebhart, testified at the hearing. The trial court summarized Gebhart's testimony as follows:
 On June 16, 1998, the Huber Heights Police Department received a complaint from Peggy Matts stating that her social security number and date or birth were being used to obtain a credit card from First USA Bank. Upon investigating Detective Gebhart discovered that Janice Hardy (hereinafter "Ms. Hardy") was using at least four different alias names and at least two different Ohio Operator's License to obtain loans from First USA Bank. Detective Gebhart's investigation also showed Ms. Hardy's home address as 3819 Stormont Road. On July 16, 1998 Detective Gebhart obtained a search warrant by written affidavit for the Stormont Road address.
 On July 17, 1998, Detective Gebhart went to the Stormont address but no one was there. Detective Gebhart then went to Ms. Hardy's employer and she was not at work. Her employer gave her home address as being 4444 Owens Drive. Detective Gebhart then put together an amendment for the search warrant to include the Owens Drive address and Judge Hensley approved it. Detective Gebhart went to the Owens Drive address, Ms. Hardy answered the door and Detective Gebhart gave Ms. Hardy the search warrant and advised her of her Miranda rights. Ms. Hardy indicated that she understood her rights and began to talk with Detective Gebhart.
 Ms. Hardy told Detective Gebhart the documents he was looking for were in the back room. Detective Gebhart then asked Ms. Hardy if she would accompany him to the Stormont address. Ms. Hardy agreed to go to the Stormont address and upon arrival Ms. Hardy let Detective Gebhart and other officers into the house located at 3819 Stormont. Detective Gebhart and the other officers conducted a search which revealed items which were obtained by fraudulently obtained credit. Detective Gebhart then reminded Ms. Hardy of her Miranda rights and she acknowledged that she understood her rights. Detective Gebhart then resumed his interview of Ms. Hardy. As the items were being hauled away, Ms. Hardy asked Detective Gebhart if he would take her back to the Owens address which he did. Detective Gebhart did not arrest Ms. Hardy.
Decision and Entry filed July 29, 1999, at pp. 1-2.
In overruling Hardy's motion to suppress evidence, the trial court stated:
 To ensure the protection and integrity of the Fourth and Fourteenth Amendments, courts may issue search warrants. State v. Williams, 57 Ohio St.3d 24, 25
(1991). Evidence seized by a search warrant obtained by a written affidavit and related to the investigation is considered legally obtained. O.R.C. § 2933.21(A), Williams, 57 Ohio St.3d at 25.
 In the case sub judice Detective Gebhart presented Defendant Hardy with a search warrant prior to entering the houses on Owens Drive and Stormont Road. During the search of the houses at each address, the items seized were related to the scope of the investigation. When Detective Gebhart first presented Defendant Hardy with the search warrant, she voluntarily showed Detective Gebhart where some of the documents were located. Detective Gebhart's search was performed within the scope of the search warrant. Thus, search and seizure of items found at 3819 Stormont Road and 4444 Owens Drive were legally obtained.
Decision and Entry filed July 29, 1999, at p. 3.
Hardy challenges the validity of the search warrant, and more specifically whether the "addendum" permitting a search of the Owens Drive residence was legally sufficient to authorize a search of that property. Hardy raises a number of specific problems in that regard: the addendum was not sworn to before the judge who approved it; the addendum was not attached to nor did it incorporate by reference the affidavit utilized to obtain the search warrant for the Stormont residence; the addendum was not presented to the judge at the same time as the affidavit used to obtain the search warrant for the Stormont residence, but was instead presented one day later; and, the trial court did not issue a separate search warrant or judicial order authorizing a search of the Owens Drive residence, but simply approved the addendum.
The State responds that even if the addendum was technically deficient and invalid, Det. Gebhart reasonably relied in "good faith" upon the issuing judge as authorizing a search of the Owens Drive property, and thus the evidence recovered therefrom should not be suppressed. See United States v. Leon (1984), 468 U.S. 897; State v. Wilmoth (1986),22 Ohio St.3d 251.
The State also argues that this court need not address Hardy's arguments concerning the validity of the addendum to the search warrant because Hardy did not raise that specific issue below, and the trial court did not consider or decide that issue. See State v. Childs (1968), 14 Ohio St.2d 56.
A review of this record demonstrates that Janice Hardy did not argue this specific issue concerning the validity of the addendum to the search warrant in her motion to suppress evidence or at the hearing held thereon. Neither did the trial court specifically address or decide that issue in overruling Hardy's motion to suppress evidence.
Janice Hardy subsequently filed a motion for reconsideration of the trial court's decision overruling her motion to suppress evidence. In her motion for reconsideration, Hardy specifically challenged the validity of the "addendum" and its relationship to the previously issued search warrant. The trial court did not address that issue, however. Instead, the court overruled the motion for reconsideration, holding that the Ohio Rules of Civil Procedure do not provide for a motion for reconsideration, citing Pitts v. Ohio Dept.of Transportation (1981),67 Ohio St.2d 378.
Pitts stands for the proposition that the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment or order rendered by the trial court. An order is not final unless it not only affects a substantial right but also "determines the action and prevents a judgment." R.C. 2505.02(B)(2). The trial court's order overruling Janice Hardy's motion to suppress evidence is not, therefore, a final judgment or final order, because it did not determine the criminal charges against her. Rather, it is interlocutory in nature. In a footnote, the Ohio Supreme Court in Pitts noted that interlocutory orders are subject to motions for reconsideration or rehearing pursuant to Civ.R. 54(B). Clearly, Hardy's motion for reconsideration in this case is not precluded by Pitts.
Hardy's motion for reconsideration was equivalent to a subsequent motion to suppress evidence on additional grounds not raised in the original motion. Nothing in Crim.R. 12 prohibits more than one motion to suppress evidence. Because such motions are fact-sensitive, they should be allowed when additional grounds are discovered. Indeed, Crim.R. 12 requires that any objections an accused may have to evidence on the grounds that it was illegally obtained must be raised by a pretrial motion to suppress evidence, else the issue is waived. Crim.R. 12(B), (G).
Given these facts and circumstances, we conclude that the trial court erred by failing to address and decide Hardy's challenge in her motion for reconsideration to the validity of the "addendum" to the search warrant used to search the Owens Drive residence. Accordingly, we will reverse the judgment of the trial court and remand the matter to that court to decide whether the addendum and its relationship to the search warrant that was issued was legally sufficient to authorize a search of the Owens Drive property and, if not, whether on the facts before the court the "good faith" exception applies to that search. Leon, supra: Wilmoth, supra.
The first assignment of error is sustained.
APPELLANT'S SECOND ASSIGNMENT OF ERROR
 APPELLANT'S STATEMENT TO THE INVESTIGATING DETECTIVE ARE DERIVATIVE OF AN ILLEGAL SEARCH AND MUST BE SUPPRESSED.
Hardy argues that the trial court erred in failing to suppress her statements to police because those statements were the product or fruit of the illegal search of the Owens Drive residence. This assignment of error has been rendered moot by our disposition of Hardy's first assignment of error. App.R. 12. Therefore, it is overruled.
 Conclusion
Having sustained the first assignment of error, we will reverse Defendant-Appellant's conviction and sentence and remand the case to the trial court for further proceedings consistent with this opinion.
WOLFF, P.J. and KERNS, J., concur.
Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Barbara Pugliese Gorman