OPINION
Sherman Sanders ("Appellant") pleaded no contest in the Mahoning County Court of Common Pleas to one count of possession of cocaine. Appellant argues that the search warrant used to obtain the evidence against him violated Crim.R. 41(C), and that the evidence obtained by the warrant should have been suppressed, because: 1) the warrant was not addressed to a law enforcement officer; and 2) the warrant was not served and returned within three days. Technical violations of Crim.R. 41 do not require the suppression of evidence unless a fundamental and prejudicial constitutional violation has occurred. State v. Wilmoth (1986),22 Ohio St.3d 251, 263. Appellant has not argued any underlying constitutional violation, thus the conviction must be affirmed.
On April 6, 2000, Patrolman Brian Simmons ("Ptrl. Simmons") of the Youngstown Police Department appeared before a judge of the Youngstown Municipal Court and swore out an affidavit for a warrant to search 424 Cohasset Drive, Youngstown, Ohio. The warrant specifically described the location to be searched as well as the property to be seized. The warrant authorized a search for cocaine, other drugs of abuse, drug paraphernalia and other items used in the sale, distribution or trafficking in drugs. The caption of the warrant was addressed to the bailiff of the municipal court. The warrant did not command the person executing the warrant to complete the search within three days as required by Crim.R. 41(C).
The warrant was served on April 11, 2000. Appellant was arrested and the house was searched at that time. The warrant was returned on April 12, 2000. Appellant was indicted on May 26, 2000, on one count of possession of cocaine with a forfeiture specification; one count of possession of criminal tools with a firearm specification; and one count of preparation of drugs for sale, also with a forfeiture specification.
On August 4, 2000, Appellant filed a Motion to Suppress. Appellant argued that all evidence derived from the April 11, 2000, search should have been suppressed due to deficiencies in the search warrant and due to the failure to execute and return the warrant within the time constraints of Crim.R. 41.
The court conducted a hearing on the motion on August 23, 2000. The court overruled Appellant's motion by judgment entry filed September 13, 2000. The court held that the warrant was timely served pursuant to Crim.R. 45(A), which excludes intervening Saturdays and Sundays from time computations where the period of time involved is less than seven days. The court held that the lack of a specific directive to Ptrl. Simmons to execute the warrant was only a technical error which did not require the suppression of evidence. The court also held that the minimal delay in returning the warrant was not unreasonable and did not rise to the level of a constitutional violation.
Appellant entered into a Crim.R. 11 plea agreement on November 3, 2000. Appellant pleaded no contest to one count of possession of cocaine in violation of R.C. § 2925.11(A) and (C)(4)(b), a fourth degree felony, and to the forfeiture specification pursuant to R.C. §2925.42. On January 24, 2001, Appellant was sentenced to community control sanctions, including the completion of a residential drug rehabilitation program.
On February 1, 2001, Appellant filed this timely appeal.
Appellant's three assignments of error are interrelated and will be treated together for ease in analysis:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO SUPPRESS EVIDENCE OBTAINED BY THE USE OF A SEARCH WARRANT WHICH WAS DEFECTIVE AS TO FORM WHERE, AS HERE THE WARRANT WAS NOT DIRECTED TO `A PROPER LAW ENFORCEMENT OR OTHER AUTHORIZED INDIVIDUAL,' SAID DEFECT RISING TO THE LEVEL OF A VIOLATION OF THE DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WHICH WOULD REQUIRE THE SUPPRESSION OF SAID EVIDENCE.
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO SUPPRESS EVIDENCE OBTAINED BY THE POLICE WHERE, AS HERE, THE POLICE FAILED TO EXECUTE THE SEARCH WARRANT AND MAKE RETURN ON THE SEARCH WARRANT WITHIN THE THREE DAY TIME LIMIT SET BY R.C. § 2933.24 AND CRIM.R. 41(C), SAID FAILURE RISING TO THE LEVEL OF A VIOLATION OF THE DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES WHICH WOULD REQUIRE THE SUPPRESSION OF SAID EVIDENCE.
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO SUPPRESS EVIDENCE OBTAINED BY THE USE OF THE SEARCH WARRANT HEREIN WHERE, AS HERE, THE COMBINATION OF THE DEFECTIVE FORM OF THE SEARCH WARRANT AND THE FAILURE OF THE POLICE TO PROPERLY EXECUTE AND MAKE RETURN ON THE WARRANT ROSE TO THE LEVEL OF A VIOLATION OF THE DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM THE UNREASONABLE SEARCHES AND SEIZURES WHICH WOULD REQUIRE THE SUPPRESSION OF SAID EVIDENCE."
 1. Whether the search warrant was directed to a proper person
Appellant's first argument is that R.C. § 2933.24 and Crim.R. 41(C) both require that a search warrant be directed to a law enforcement officer. R.C. § 2933.24(A) states, in pertinent part: "[a] search warrant shall be directed to the proper law enforcement officer or other authorized individual * * *." Crim.R. 41(C) states, in pertinent part: "The warrant shall be directed to a law enforcement officer." Appellant argues that the search warrant under review was directed to the bailiff of the Municipal Court and that a bailiff is not a law enforcement officer. Appellant also contends that a person reading the warrant could not clearly determine to whom the command to search was directed.
Appellant argues that the lack of a caption addressed to a law enforcement officer is similar to the failure of a judge or magistrate to sign the warrant. Appellant cites State v. Williams (1991),57 Ohio St.3d 24, which held that:
"Search warrants are issued pursuant to the authority found in R.C.2933.21 and Crim.R. 41. R.C. 2933.25 dictates the form of a search warrant. Included in the example form is the issuing judge's signature. Further, R.C. 2933.24(A) provides that `* * * [s]uch warrant shallcommand the officer to search such house or place or person named or described for the property or other things * * *.' (Emphasis added.) A command without a known commander cannot be a command."Id. at 25 (footnotes omitted).
Appellant argues that a command without a designation of who is commanded is equally invalid. Based on the record and the law, Appellant's argument is not convincing.
We must first determine whether Appellant is correct that the search warrant was not directed to a proper person. Crim.R. 41(C) states, in pertinent part, that a search warrant, "shall be directed to a law enforcement officer." Crim.R. 2(J) defines "law enforcement officer":
 "`Law enforcement officer' means a sheriff, deputy sheriff, constable, municipal police officer, marshal, deputy marshal, or state highway patrolman, and also means any officer, agent, or employee of the state or of any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, the authority to arrest violators is conferred, when the officer, agent, or employee is acting within the limits of statutory authority. The definition of `law enforcement officer' contained in this rule shall not be construed to limit, modify, or expand any statutory definition, to the extent the statutory definition applies to matters not covered by the Rules of Criminal Procedure."
Municipal court bailiffs are not specifically mentioned in this list. The definition of "law enforcement officer" in Crim.R. 2(J) does include, "any officer, agent, or employee of the state or any of its agencies * * * upon whom, by statute, the authority to arrest violators is conferred * * *." Therefore, a municipal court bailiff will qualify as a "law enforcement officer" with respect to Crim.R. 41(C) if both of the following requirements are met: 1) if a bailiff is an officer, agent, or employee of the state or any of its agencies; and 2) if a bailiff has the statutory authority to arrest violators.
Municipal court bailiffs are clearly officers, agents, or employees of the state or its agencies. See R.C. § 124.11(A)(10) (bailiffs of all courts of record, including municipal courts, are in the unclassified civil service of the state).
Furthermore, pursuant to R.C. § 1901.23, municipal court bailiffs have been given the statutory authority to execute arrest warrants:
"All warrants, executions, subpoenas, writs, and processes in allcriminal and quasi-criminal cases may be issued to the bailiff of the[municipal] court, a police officer of the appropriate municipal corporation, or to the sheriff of the appropriate county."
Therefore, a municipal court bailiff meets both prongs of the definition of "law enforcement officer" described in Crim.R. 2(J). Cf. 1986 Ohio Atty.Gen.Ops. No. 86-003. Thus, it is lawful to direct the warrant to the bailiff and no constitutional defect can exist.
 2. Whether the exclusionary rule applies to this case
Appellant's second and third arguments relate to other aspects of the form and execution of the warrant. Appellant argues that the warrant was required to recite that it must be served within three days. Appellant also argues that the warrant must actually have been served and returned within three days, pursuant to both R.C. § 2933.24 and Crim.R. 41(C). R.C. § 2933.24(A) states:
"The warrant shall command the officer or individual to search the place or person named or described for the property, and to bring them, together with the person, before the judge or magistrate. * * *
"The warrant shall be returned by the officer or individual holding it not later than three days after its issuance. It shall designate the judge or magistrate to whom it shall be returned, if such judge or magistrate is available."
Crim.R. 41(C) states:
"* * * The warrant shall be directed to a law enforcement officer. It shall command the officer to search, within three days, the person or place named for the property specified."
Appellant contends that the warrant was neither served nor returned within three days. The warrant was issued on April 6, 2000, was served on April 11, 2000, and was returned on April 12, 2000. Appellant concludes that, because both R.C. § 2933.24 and Crim.R. 41 are stated in terms of an imperative using the word "shall," the failure of the police to serve and return the warrant in three days triggers the exclusionary rule. Appellant requests that all evidence resulting from the warrant be suppressed and the case dismissed.
Appellee presents two arguments in rebuttal. First, Appellee asserts that the purposes of the exclusionary rule would not be served by suppressing evidence that is allegedly tainted by merely technical errors in the search warrant that was used to gather the evidence. Appellee cites numerous cases which have held that the exclusionary rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect. Arizona v. Evans (1995), 514 U.S. 1, 10;United States v. Leon (1984), 468 U.S. 897, 906; Wilmoth, supra,
22 Ohio St.3d at paragraphs one and two of the syllabus. Appellee argues that the exclusionary rule is meant to deter unlawful conduct of police officers.Leon, supra, at 919. Appellee argues that indiscriminate application of the exclusionary rule may generate disrespect for the law and for the administration of justice. Stone v. Powell (1976), 428 U.S. 465, 490. Appellee contends that the exclusionary rule has been restricted to those areas where its remedial goals would most likely be served, United Statesv. Janis (1976), 428 U.S. 433, 454, and that technical violations in issuing and implementing a search warrant are not the type of violations to which the exclusionary rule applies. Wilmoth at 262; State v.Applebury (1987), 34 Ohio App.3d 376, 377-378. Appellee concludes that no deterrent effect would be achieved by applying the exclusionary rule in this case.
Appellee's second argument is that Crim.R. 45 extends the time that a warrant may be served if a Saturday or Sunday overlap the three-day period set forth in Crim.R. 41(C). As Appellee's first line of argument is correct and resolves this assignment of error, there is no reason for us to review whether Crim.R. 45 does or does not extend the time of a search warrant.
Crim.R. 41(C) requires a warrant to state that it must be served within three days. R.C. § 2933.24(A) requires that the warrant actually be returned within three days, but the statute says nothing about when a warrant must be served. Obviously, if the warrant must be returned in three days, it must also have been served prior to that. If the magistrate or judge who issues the warrant follows the appropriate rules, the warrant itself will give notice to the officer implementing the warrant to complete the search within three days.
The first question to be answered, assuming Appellant is correct that the warrant and the execution of the warrant did not conform to procedural rules, is whether the exclusionary rule applies as a remedy to the errors which supposedly occurred.
The exclusionary rule only applies to the violation of certain constitutional rights: "[T]he exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights." Wilmoth, supra,
at 262. Furthermore, the Ohio and United States Supreme Courts have restricted the application of the exclusionary rule so that it is not coextensive with the Fourth Amendment. Wilmoth at 257. Finally, the exclusionary rule does not extend to exclude evidence obtained by a state law enforcement officer who, in good faith, relies on a warrant later proved to be defective. Leon, supra, 468 U.S. at 923.
The alleged errors in the form of the warrant that are at issue in this appeal were the responsibility of the issuing judge to correct: "It is the magistrate's [or judge's] responsibility * * * to issue a warrant comporting in form with the requirements of the Fourth Amendment." Id. The exclusionary rule is designed to deter police misconduct rather than to punish the errors of magistrates or judges. Id. at 916. Appellant has not suggested that the officer executing the warrant acted other than in good faith reliance on the warrant. The warrant itself does not state that it must be executed within three days of being issued. Therefore, the good faith exception to the exclusionary rule applies to the facts of this case. No evidence may be suppressed merely because the three day time limit was not stated in the warrant, resulting in the warrant not being served and returned within that time.
Furthermore, the alleged errors in the warrant relate solely to statutory and state procedural requirements, and not to constitutional issues. Pursuant to Wilmoth, supra, such errors do not trigger the exclusionary rule.
Assuming the warrant was actually returned late, Appellant has not cited any case wherein this error was deemed to be of constitutional dimensions. On the contrary, in State v. Downs (1977), 51 Ohio St.2d 47,64-65, sentence vacated on other grounds Downs v. Ohio (1978),438 U.S. 909, the violation of Crim.R. 41 with respect to the return of a search warrant was described as nonconstitutional in magnitude, and the exclusionary rule was not applied. "[T]he failure to return a search warrant to the properly designated judge and to prepare an inventory pursuant to Crim.R. 41(D) and (E) does not render inadmissible the evidence seized pursuant to the warrant." Id. at 65.
It should also be noted that the Fourth Amendment does not have a time requirement for serving or returning warrants. The Fourth Amendment prohibits unreasonable searches and requires that warrants be based upon, "probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Appellant has not alleged any constitutional deficiencies in probable cause or in the specificity of the description of the place to be searched or items to be seized. Neither has Appellant explained why it should be considered unreasonable for a search warrant to be executed five days after being issued. Once again, pursuant to Wilmoth and Leon,supra, the non-constitutional errors alleged by Appellant do not trigger the exclusionary rule.
In conclusion, we overrule Appellant's three assignments of error because the apparent deficiencies in the search warrant and its execution do not rise to the level of constitutional errors which trigger the application of the exclusionary rule. Appellant's conviction and sentence are hereby affirmed.
Donofrio, J., concurs.
Vukovich, P.J., concurs.