[Cite as *State v. Groves*, 2016-Ohio-1408.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | No. 15AP-855 |
| | | (C.P.C. No. 13CR-4145) |
| Plaintiff-Appellee, | : | No. 15AP-856 |
| | | (C.P.C. No. 13CR-5482) |
| v. | : | No. 15AP-861 |
| | | (C.P.C. No. 13CR-5611) |
| Brian A. Groves, | : | No. 15AP-862 |
| | | (C.P.C. No. 13CR-4775) |
| Defendant-Appellant. | : | |
| | | (ACCELERATED CALENDAR) |
| | : | |

D E C I S I O N

Rendered on March 31, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee. **Argued:** *Laura R. Swisher*.

**On brief:** *Blaise G. Baker*, for appellant. **Argued:** *Blaise G. Baker*.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Brian A. Groves, appeals the August 20 and August 24, 2015 judgments of the Franklin County Court of Common Pleas, convicting him, pursuant to a plea of no contest, and imposing sentence. For the following reasons, we affirm the judgments of the trial court.

I. Facts and Procedural History

{¶ 2} In July 2013, the Hilliard Division of Police received multiple tips that drug trafficking was occurring at a residence in Hilliard, Ohio. Through a confidential informant, police purchased drugs at the residence. As a result, on July 11, 2013, they sought and obtained a search warrant for the residence, which they executed on July 12,

2013. During the search of the residence, police found appellant, who lived in the residence, along with other individuals and a large quantity of drugs.

{¶ 3} On July 20, 2013, an individual wielding what appeared to be a firearm robbed a CVS Pharmacy in Reynoldsburg, Ohio, taking drugs and money. Reynoldsburg police uploaded a photograph of the robber taken from the store's surveillance system to a law enforcement database. Upon observing the photograph, Hilliard police informed Reynoldsburg police that the robber appeared to be appellant. Using a photo array, three individuals who were present during the robbery identified appellant as the robber with differing degrees of certainty. As a result, Reynoldsburg police obtained a search warrant for appellant's residence in Hilliard on July 25, 2013, which they executed the same day. During the search of the residence, police recovered the stolen drugs and found a BB gun matching the description of the one used in the robbery. Additionally, police found other drugs that were not related to the robbery.

{¶ 4} In August 2013, a car dealership in Hilliard reported that a 2003 Audi A4 automobile had been stolen. Based on information that appellant's son drove the same type of vehicle, police went to appellant's residence with a key fob for the stolen car. When they activated the key fob, they heard the car alert. Police thereafter obtained another search warrant and recovered the stolen automobile.

{¶ 5} On August 2, 2013, a Franklin County Grand Jury indicted appellant in case No. 15AP-855 on 4 criminal counts: 1 count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree; 1 count of robbery, in violation of R.C. 2911.02, a felony of the second degree; 1 count of theft, in violation of R.C. 2913.02, a felony of the third degree; and 1 count of having a weapon while under disability, in violation of R.C. 2923.13, a felony of the third degree. The offenses of aggravated robbery, robbery, and theft were each charged with an attached firearm specification pursuant to R.C. 2941.145. On September 10, 2013, a Franklin County Grand Jury indicted appellant in case No. 15AP-862 on 22 counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, 3 felonies of the first degree, 12 felonies of the second degree, and 7 felonies of the third degree.

{¶ 6} On October 15, 2013, a Franklin County Grand Jury indicted appellant in case No. 15AP-856 on 1 count of receiving stolen property, in violation of R.C. 2913.51, a

felony of the fourth degree.  On October 23, 2013, a Franklin County Grand Jury indicted appellant in case No. 15AP-861 on 8 criminal counts: 2 counts of aggravated possession of drugs, in violation of R.C. 2925.11, felonies of the fifth degree; 2 counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, felonies of the fourth degree; 2 counts of aggravated possession of drugs, in violation of R.C. 2925.11, felonies of the third degree; and 2 counts of aggravated trafficking in drugs, in violation of R.C. 2925.03, felonies of the third degree.

{¶ 7}  On January 29, 2014, appellant filed a motion to suppress evidence obtained as a result of the July 25, 2013 search warrant.  On March 17, 2014, plaintiff-appellee, State of Ohio, filed a memorandum contra appellant's January 29, 2014 motion to suppress.  On March 18, 2014, appellant filed a motion to suppress evidence obtained as a result of the July 11, 2013 search warrant.  On April 25, 2014, the state filed a memorandum contra appellant's March 18, 2014 motion to suppress.  On June 1, 2014, appellant filed another motion to suppress evidence obtained as a result of the July 25, 2013 search warrant.

{¶ 8}  On August 14, 2014, the state filed a motion for joinder of case Nos. 13CR-4775, 13CR-4145, and 13CR-5611.  On September 4, 2014, the trial court filed a decision and entry granting the state's motion for joinder.  On November 6, 2014, the trial court held a suppression hearing and denied appellant's motions to suppress.

{¶ 9}  On July 20, 2015, appellant entered a plea of no contest to 1 count of robbery, 1 count of receiving stolen property, 2 counts of aggravated possession of drugs, and 14 counts of aggravated trafficking in drugs.  After advising appellant of his rights, the trial court found appellant guilty of the offenses to which he pled.  On August 18, 2015, the trial court held a sentencing hearing.  On August 20, 2015, the trial court filed judgment entries reflecting appellant's conviction and sentence in cases Nos. 13CR-4145, 13CR-5611, and 13CR-4775.  On August 24, 2015, the trial court filed a judgment entry reflecting appellant's conviction and sentence in case No. 13CR-5482.

## II.  Assignments of Error

{¶ 10} Appellant appeals and assigns the following two assignments of error for our review:

> [I.] The trial court erred in denying Defendant-Appellant's Motion to Suppress all evidence obtained from or arising from

the July 12, 2013 search of his home as the search warrant affidavit lacked sufficient information to establish probable cause.

[II.] The trial court erred in denying Defendant-Appellant's Motion to Suppress all evidence and statements that was/were retrieved and occurred as the result of the July 25, 2013 search of Defendant-Appellant's residence as the search warrant affidavit lacked sufficient information to establish probable cause.

## III. Discussion

{¶ 11} "Appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact." *State v. Holland*, 10th Dist. No. 13AP- 790, 2014-Ohio-1964, ¶ 8. When considering a motion to suppress, the trial court, as trier of fact, is in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Gravely*, 188 Ohio App.3d 825, 2010-Ohio-3379, ¶ 23 (10th Dist.). When reviewing a trial court's decision on a motion to suppress, "an appellate court engages in a two-step analysis: (1) whether competent, credible evidence supports the trial court's findings; and (2) whether the facts satisfy the applicable legal standard, without giving any deference to the conclusion of the trial court." *State v. Harrington*, 10th Dist. No. 14AP-571, 2015-Ohio-2492, ¶ 6, citing *Holland* at ¶ 8, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 12} The Fourth Amendment to the U.S. Constitution, applied to the states through the Fourteenth Amendment, provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The Ohio Constitution contains a nearly identical provision. Ohio Constitution, Article I, Section 14. "Search warrants are issued pursuant to the authority found in R.C. 2933.21 through 2933.25 and Crim.R. 41." *Id.* at ¶ 7, citing *State v. Williams*, 57 Ohio St.3d 24 (1991).

{¶ 13} In determining whether an affidavit in support of a search warrant demonstrates probable cause, a magistrate must " 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be

found in a particular place.' " *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). When an appellate court reviews the sufficiency of probable cause in an affidavit, it "must not substitute its judgment for that of the magistrate but, rather, ensure that the magistrate 'had a substantial basis for concluding that probable cause existed.' " *State v. Johnson*, 10th Dist. No. 13AP-637, 2014-Ohio-671, ¶ 8, quoting *George* at paragraph two of the syllabus. Such analysis is undertaken with great deference to the magistrate's determination of probable cause, and marginal cases should be resolved in favor of upholding the warrant. *George* at paragraph two of the syllabus. *See United States v. Leon*, 468 U.S. 897, 914 (1984).

{¶ 14} "Probable cause means less evidence than would justify condemnation, so that only the 'probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' " (Internal quotations and emphasis omitted.) *State v. Eal*, 10th Dist. No. 11AP-460, 2012-Ohio-1373, ¶ 10, quoting *George* at 329. "[W]here these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *United States v. Ventresca*, 380 U.S. 102, 109 (1965). "In determining whether probable cause supports a search warrant, the issuing judge generally is confined to the averments contained in the supporting affidavit." *Eal* at ¶ 10, citing *State v. Yanowitz*, 67 Ohio App.2d 141, 144 (8th Dist.1980).

### A. July 11, 2013 Search Warrant

{¶ 15} In his first assignment of error, appellant asserts that the affidavit submitted in support of the search warrant issued July 11, 2013 contained false information and did not contain sufficient evidence for probable cause on which to issue the search warrant. Specifically, appellant asserts that the "affidavit falsely stated that Detective Cohill, the police officer conducting surveillance at [appellant's] residence, had 'constant visual contact' of a confidential informant who allegedly purchased drugs from [appellant's] home." (Appellant's Brief, 17.)

{¶ 16} In his affidavit, Detective Cohill stated in part:

> On 5-29-13, a confidential informant, known as CI1, provided [Hilliard Police Department] with information regarding the

resident, [appellant], at 3426 Leap Rd. [appellant's residence]. CI1 stated that there was frequent vehicular traffic at the residence and that [appellant] had offered to sell them pills before. CI1 has been used in the past and proven reliable. CI1 has given HPD information which has led to felony charges and seizures of illegal narcotics.

In the month of July, 2013, HPD S.I.U. Detectives periodically conducted surveillance on [appellant's residence] and observed vehicular traffic that arrived and left within a period of less than 5 minutes. Based on the Affiant's training and experience, this is a pattern indicative of illegal narcotics activity.

Based on all of this information, HPD's Special Investigation Unit (SIU) members met with a second confidential informant (CI2) on 7-9-12. CI2 knew details about the residence and what [appellant] sells. CI2 stated that [appellant] sells Demerol, Opana, Percocet, Oxycodone, Morphine, and several other prescription pills, the milligrams of each pill, and the cost per milligram or pill. CI2 knows what prescription pills look like, how they are packaged, has used them in the past and has bought prescription pills from [appellant] before. CI2 provided [appellant's] address and a description of what he drives. HPD Detectives corroborated CI2's information, including that [appellant] lives at [appellant's residence] in Hilliard, Franklin County, Ohio.

Within 72 hours of July 10th, 2013, SIU Detectives personally met with CI2 who was searched and found not to have any contraband or money on their person; was given a specific amount of city funds with which to purchase prescription pills; proceeded to [appellant's residence] under constant visual surveillance and returned directly to SIU Detectives and gave them a quantity of prescription pills which had been purchased from the premises. The pills, obtained during the "controlled buy", were determined to be a Schedule II Opiate based controlled substances.

(July 11, 2013 Search Warrant Affidavit, 2-3.)

{¶ 17} Appellant mischaracterizes the statement made in the affidavit. The affidavit did not state that police actually observed the transaction, or that they maintained constant visual surveillance inside the residence. Instead, it stated only that the confidential informant "proceeded to 3426 Leap Rd. [appellant's residence] under constant visual surveillance." It is important to recognize that affidavits in support of

search warrants are "normally drafted by nonlawyers in the midst and haste of a criminal investigation." *Ventresca* at 109. As a result, the issuing judge is expected to interpret the affidavit in a commonsense, practical manner. *George* at paragraph one of the syllabus. As a result, considering the detailed circumstances outlined in the affidavit and the great deference employed by a court when reviewing a probable cause determination, we decline to interpret the affidavit in a "hypertechnical, rather than a commonsense, manner" to find that it contained a false statement. *Ventresca* at 109.

{¶ 18} Additionally, appellant finds fault with several other aspects of the affidavit. First, appellant claims that a controlled purchase of drugs probably did not occur because police did not "search the hood and spare tire apparatus of the confidential informant's car" before the confidential informant purchased drugs at appellant's residence. (Appellant's Brief, 18.) Detective Cohill admitted at the suppression hearing that he did not search those areas of the confidential informant's car before the transaction at appellant's residence. However, Detective Cohill stated that "[t]he subject never went to those areas" and the remainder of the vehicle was searched by police. (Tr. 80.) As a result, we cannot find that, considering the totality of the circumstances, the affidavit failed to demonstrate probable cause because police did not search the specified areas of the confidential informant's vehicle. *See State v. Allen*, 10th Dist. No. 08AP-264, 2008-Ohio-6916, ¶ 27-28.

{¶ 19} Second, appellant asserts that the affidavit "did not make clear what information was known to Detective Cohill and what information came from the confidential informant." (Appellant's Brief, 19.) Having reviewed the affidavit, we cannot agree with appellant's characterization of its contents. Further, appellant fails to demonstrate, with reference to the record or other authorities, how this argument relates to a finding that the issuing judge did not have a substantial basis for concluding that probable cause existed. As a result, we find no merit to appellant's argument.

{¶ 20} Recognizing the great deference given to the issuing judge's determination of probable cause by a reviewing court and considering the totality of the circumstances set forth by the affidavit in support of the July 11, 2013 warrant, we find there was a substantial basis for concluding that probable cause existed. *George* at paragraph two of the syllabus. Because the July 11, 2013 search warrant validly authorized the search of

appellant's residence, we find there was no violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution, Article I, Section 14. Accordingly, we overrule appellant's first assignment of error.

### B. July 25, 2013 Search Warrant

{¶ 21} In his second assignment of error, appellant asserts that the affidavit submitted in support of the search warrant issued on July 25, 2013 was defective because it failed to explain why any contraband from the CVS Pharmacy robbery would have been at appellant's residence. However, the affidavit contained a detailed list of items that were involved with the July 20, 2013 robbery. Specifically, the affidavit stated that there was "good cause to believe * * * that blue or green rain poncho, gray long sleeved shirt, white athletic shoes, black gloves, sunglasses, green bag, black handgun, Oxycodone-Acetaminophen pills, Methadone, Morphine tablets, money, and items related to the aggravated robbery" were being kept at appellant's residence. (July 25, 2013 Search Warrant Affidavit, 1.) The affidavit additionally contained a detailed statement describing three witnesses' identification of appellant as the person who committed the robbery. Further, the affidavit stated that a confidential informant observed appellant "plac[ing] pill bottles in the trunk * * * of a white Mercedes in the back yard of his residence." (July 25, 2013 Search Warrant Affidavit, 2.) Based on the information contained within the affidavit, it was reasonable for the issuing judge to find there was a fair probability that evidence related to the robbery as listed in the affidavit would be found at appellant's residence.

{¶ 22} Next, appellant contends the affidavit contained no information regarding the reliability of the confidential informant. Although appellant is correct that the affidavit failed to provide support for the reliability of the confidential informant, we cannot find that, given the other information in the affidavit, there was insufficient information for the issuing judge to find that there was a fair probability that evidence of the robbery would be found at appellant's residence.

{¶ 23} Appellant additionally contends that the photo array used by police to identify appellant was impermissibly suggestive. Having reviewed the photo array, we cannot agree with appellant's contention. Furthermore, the state argues that even if we were to consider the photo array to be impermissibly suggestive, it is important to note

that the photo array was not used to establish appellant's identity for purposes of proving a crime.  Instead, it was only used to determine whether probable cause existed to search appellant's residence.  Appellant fails to cite any relevant authority for the proposition that an impermissibly suggestive photo array renders a probable cause determination invalid.  Because we do not find the photo array to be impermissibly suggestive, we find no merit to appellant's contention.

{¶ 24} Therefore, recognizing the great deference given to the issuing judge's determination of probable cause by a reviewing court, and considering the totality of the circumstances set forth by the affidavit in support of the July 25, 2013 search warrant, we find there was a substantial basis for concluding that probable cause existed.  *George* at paragraph two of the syllabus.  Because the July 25, 2013 search warrant validly authorized the search of appellant's residence, we find there was no violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution, Article I, Section 14.  Accordingly, we overrule appellant's second assignment of error.

## IV.  Conclusion

{¶ 25} Having overruled appellant's two assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and HORTON, JJ., concur.

_____