OPINION
{¶ 1} Defendant-appellant, Preston Carpenter, challenges his conviction in Butler County Court of Common Pleas, arguing that evidence obtained from the execution of a search warrant should be suppressed because the search warrant was not signed by a judge.
 {¶ 2} The search warrant at issue in this case was initially challenged by a pretrial motion to suppress. The issues raised in appellant's motion to suppress involved probable *Page 2 
cause and the facts presented in the affidavit.[1] The trial court filed an entry denying appellant's motion. Appellant was subsequently found not guilty by a jury of one count and guilty of 16 counts that were primarily related to illegal drugs. The record indicates that appellant filed two appeals of his conviction, with the first appeal dealing with sentencing issues and the second appeal dealing with appellant's sentence upon resentencing. This court granted appellant's motion to reopen his appeal pursuant to App.R. 26(B), on issues related to the validity of the search warrant and ineffective assistance of counsel.
 {¶ 3} Appellant sets forth three assignments of error in this appeal. The first assignment alleges that the trial court erred in admitting evidence obtained through the execution of a search warrant because the warrant was unsigned, and therefore, void ab initio.
 {¶ 4} Appellant's second and third assignments of error allege that he was denied the effective assistance of trial and appellate counsel, respectively, because both counsel failed to challenge the unsigned warrant.
 {¶ 5} We will address appellant's second assignment of error first, as this assignment is determinative of this appeal.
 {¶ 6} Appellant argues that his trial counsel was ineffective because he failed to challenge the search warrant on the basis that it was not signed by a judge.
 {¶ 7} For ineffective assistance of counsel, appellant must show first, that counsel's performance was deficient, i.e., performance falling below an objective standard of reasonable representation, and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. State v. Mundt,115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62; State v. Elmore, 111 Ohio St.3d 515,2006-Ohio-6207, ¶ 55, citing *Page 3 Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. A defendant [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome.Strickland at 694.
 {¶ 8} A review of the record in this case indicates that a judge of the Common Pleas Court signed below the affidavit that the law enforcement officer, or affiant, was sworn and subscribed in the judge's presence the allegations set forth to permit the search of the listed person and premises. Immediately adjacent to the judge's signature were handwritten notations of: "12-2-04" "3.43 pm" "can execute day or night" "can execute no knock"[.] No judge's signature is found on the signature line of the search warrant.
 {¶ 9} Appellant cites this court to State v. Williams (1991),57 Ohio St.3d 24. In Williams, the Ohio Supreme Court stated that a search warrant is void ab initio if it is not signed by a judge prior to the search, and any evidence seized pursuant to such a warrant must be suppressed.
 {¶ 10} It is clear to this court that the judge who signed the acknowledgement for the affidavit intended to authorize the search warrant because the judge apparently made those notations regarding "no knock" and "can execute day or night," which are instructions on the manner in which the search warrant could be executed.
 {¶ 11} However, the Ohio Supreme Court in Williams rejected the argument that the clear intent of the judge to sign is sufficient. TheWilliams court acknowledged that other jurisdictions held unsigned search warrants valid where a judge's intent to sign was clear, but, stated, "[w]e believe the better view is that expressed in [State of Ohio v.] Spaw,[2] that a search warrant is void ab initio if not signed by a judge prior to the search." Id. at 25. *Page 4 
 {¶ 12} Accordingly, we follow the Williams holding and find the unsigned search warrant void ab initio. See Spaw; State v. Scott (Sept. 27, 1994), Morgan App. No. CA-94-05; cf., State v. Williams (Sept. 28, 2001), Montgomery App. No. 18710 (unsigned warrant being void ab initio cannot be executed in good faith); see R.C. 2933.21 through R.C.2933.25; Crim.R. 41.
 {¶ 13} We can find no indication in the record that appellant's trial counsel raised in the trial court the issue of the unsigned warrant. Since the void warrant was not raised, we find that trial counsel's representation was deficient.
 {¶ 14} In determining whether appellant was denied a fair trial, or prejudiced by the deficient representation, we must review the facts of this case.
 {¶ 15} The indictment and the evidence in this case involved several separate dates. Testimony was presented at trial by confidential informants that they purchased crack cocaine from appellant on November 30, 2004, December 1, 2004, and December 2, 2004. Law enforcement officers testified that the drugs were turned over to them by the informants after the transactions, and testing indicated the substances were crack cocaine. Evidence was presented that the search warrant in question was executed on December 3, 2004, and various items were seized, including illegal drugs, drug paraphernalia, cash, and weapons.
 {¶ 16} Testimony was also presented that appellant failed to appear for a scheduled trial date on May 10, 2005, and a capias for his arrest was issued. On May 19, 2005, an arrest warrant was served on appellant in a West Chester motel room, where drugs, drug paraphernalia, and cash were seized at that time.
 {¶ 17} A confidential informant testified at trial that he purchased crack cocaine from appellant on July 7, 2005. During this "buy-bust," police followed appellant after the informant left appellant's vehicle because they planned to arrest appellant. Officers told the *Page 5 
jury that appellant sped away from undercover officers at a high rate of speed, making various turns while throwing crack cocaine and cash out the vehicle window as he drove.
 {¶ 18} It is clear from the indictment, jury instructions, verdict, and entry of conviction that counts one, two with specification, three, seven, eight, and nine of appellant's indictment were based upon evidence seized as a result of the void search warrant. According to the decision in Williams, the evidence obtained as a result of the search warrant should be suppressed. Therefore, appellant was prejudiced as to these particular counts when, during proceedings below, his trial counsel failed to challenge the admission of the evidence based upon the unsigned search warrant.
 {¶ 19} Appellant asks this court to reverse all of the counts against him. We decline to do so. The record indicates that evidence was presented at trial regarding appellant's 2004 criminal activities on November 30, December 1 and December 2, before the search warrant was obtained on December 3, 2004, and on July 7, 2005 after the search warrant was executed. Appellant continued to engage in criminal activities separate and apart from the evidence obtained through execution of the void search warrant.
 {¶ 20} The trial court instructed the jury that each count constituted a separate and distinct matter, that it should consider each count and the evidence applicable to each count separately, and its finding as to each count should be uninfluenced by its verdict as to the other counts. Insofar as a jury is presumed to follow instructions given by the trial court, Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus, we find the other counts easily distinguishable from the counts tied to the search warrant.
 {¶ 21} Accordingly, appellant's second assignment of error is sustained as to counts one, two with specification, three, seven, eight, and nine, and overruled as to the remaining ten counts. *Page 6 
 {¶ 22} Based upon our determination that appellant's second assignment of error must be sustained and this matter reversed as to those specific counts, appellant's third assignment of error would involve the same counts, and therefore, is rendered moot.
 {¶ 23} As to the first assignment of error, we note that this matter was never before the trial court and the trial court never had an opportunity to rule on this particular issue. Therefore, for purposes of this appeal, this issue is rendered moot and remanded to the trial court for determination.
 {¶ 24} Counts four, five, six, ten, twelve, thirteen, fourteen, fifteen, sixteen, and seventeen of appellant's conviction are affirmed. Counts one, two with specification, three, seven, eight, and nine of appellant's conviction are reversed and this cause is remanded to the trial court for proceedings consistent with the law and the opinion of this court.
YOUNG, P.J., and POWELL, J., concur.
[1] The affidavit for the search warrant at issue was dated "12-3-04."
[2] State v. Spaw (1984), 18 Ohio App.3d 77. *Page 1