[Cite as *Sheffield v. Estate of Bentley*, 2015-Ohio-3834.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| SHERRY J. SHEFFIELD, | : | |
| | | CASE NO. CA2014-12-020 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/21/2015 |
| - vs - | | |
| | : | |
| ESTATE OF MYRTLE BENTLEY, et al., | : | |
| | | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 12CVH00312

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for plaintiff-appellee

Frost & Maddox Co., LPA, Mark S. Maddox, 987 South High Street, Columbus, Ohio 43206-2527, for defendant-appellant, Estate of Myrtle Bentley

Edwin J. Hollern, 77 North State Street, Westerville, Ohio 43081, for defendant, Allstate

**M. POWELL, J.**

{¶ 1} Defendant-appellant, the Estate of Myrtle Bentley, appeals a decision of the Fayette County Court of Common Pleas granting a new trial to plaintiff-appellee, Sherry Sheffield, in a negligence action.

{¶ 2} On July 30, 2010, Sheffield was visiting a friend and the friend's 93-year-old

mother, Myrtle Bentley, at Bentley's home. That evening, the three women attended a party together; Sheffield drove Bentley's car to the party and back to Bentley's home. Upon returning to Bentley's home, Bentley asked Sheffield to let her park the vehicle in the garage. Sheffield and Bentley's daughter exited the vehicle and entered Bentley's kitchen from the garage. The kitchen is separated from the garage by an adjoining wall. While in the kitchen, Sheffield heard the car engine revving. The vehicle then burst through the back wall of the garage into the kitchen. Sheffield was injured as a result of the incident.

{¶ 3} In July 2012, Sheffield filed a complaint against Bentley for negligence. Bentley died on December 3, 2013. Her estate was subsequently substituted as a defendant pursuant to Civ.R. 25(A)(1). A jury trial was held in July 2014. At trial, Sheffield and two of her physicians testified. The estate did not present any evidence.

{¶ 4} During closing arguments, defense counsel began by noting there was no evidence presented that Bentley was negligent. Rather, "the only evidence presented, and from Mrs. Sheffield who said the accelerator stuck. That was her understanding. That was the only thing they could figure out." Defense counsel then made the following statement: "What evidence is there that she purposely stomped on the gas and drove through the wall?" Bentley's counsel objected to the term "purpose."

{¶ 5} The trial court instructed the jury that they would "not hear any definition or any requirement that anybody did something purposely. This is a negligence case and I'll give you the definition of negligence. [Defense counsel] let's not use that term. Purposely." Defense counsel replied, "Sure" and then stated, "And I, and I, there's no evidence of that anyway. Um, no evidence of negligence." Defense counsel then told the jury that the trial court would instruct them that negligence was the failure to use reasonable care; there was no evidence Bentley failed to use reasonable care; and the only evidence presented was that the accelerator stuck. On July 29, 2014, the jury returned a verdict in favor of the estate.

{¶ 6} Sheffield moved for a new trial under Civ.R. 59, arguing that the jury verdict was both unsupported by the weight of the evidence and fatally tainted by defense counsel's misconduct during closing arguments. Sheffield also filed a motion for a judgment notwithstanding the verdict (JNOV). On November 5, 2014, the trial court denied Sheffield's JNOV motion but granted her motion for a new trial as follows:

> This Court was taken aback when the term "purposely" was injected into the defense closing arguments. The Court felt immediately that defense counsel used the legal term intentionally and not accidentally. The mild rebuke of this Court to counsel and explanation to the jury may have been insufficient to erase this comment from the jury's considerations. The Court finds that there is a substantial likelihood that the jury was misled and that the verdict was influenced by defense counsel's improper remarks. There is room for doubt and that doubt must be resolved in favor of Plaintiff.

{¶ 7} The estate appeals, raising one assignment of error:

{¶ 8} THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF-APPELLEE'S MOTION FOR A NEW TRIAL.

{¶ 9} The estate argues that given the isolated nature of defense counsel's remark during closing argument, the "immediate 'corrective' instructions" by both the trial court and defense counsel, and the complete lack of evidence that Bentley was negligent, the trial court abused its discretion in granting a new trial based on the remark.

{¶ 10} Civ.R. 59(A)(2) provides that a new trial may be granted if there is misconduct by the prevailing party. Civ.R. 59(A)(2) applies to both a party and counsel. The determination of whether alleged misconduct of counsel was sufficient to taint the verdict with passion or prejudice so as to warrant a new trial lies within the trial court's sound discretion. *Stephens v. Vick Express, Inc.*, 12th Dist. Butler Nos. CA2002-03-066 and CA2002-03-074, 2003-Ohio-1611, ¶ 31. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[T]hat the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. Columbiana No. 12 CO 43, 2013-Ohio-5552, ¶ 50; *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 11} We acknowledge that attorneys are given wide latitude in closing arguments. *Pesek v. Univ. Neurologists Assn., Inc.*, 87 Ohio St.3d 495, 501 (2000). The determination of whether the bounds of permissible argument have been exceeded is initially within the trial court's sound discretion and will not be reversed absent an abuse of discretion. *Id.* Remarks or arguments that are not supported by the evidence and are designed to arouse passion or prejudice to the extent there is a substantial likelihood that the jury may be misled are improper. *Roetenberger v. Christ Hosp.*, 163 Ohio App.3d 555, 2005-Ohio-5205, ¶ 9 (1st Dist.).

{¶ 12} "The trial court is in the best position to assess whether counsel's conduct was intentional and what impact it had on the jury." *Wright v. Suzuki Motor Corp.*, 4th Dist. Meigs Nos. 03CA2 thru 03CA4, 2005-Ohio-3494, ¶ 119, citing *Meyers v. Hot Bagels Factory, Inc.*, 131 Ohio App.3d 82, 99-100 (1st Dist.1999). "[A]ppellate courts should defer to trial judges, who witnessed the trial firsthand and relied upon more than a cold record to justify a decision." *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, ¶ 36. "[I]f there is room for doubt whether the verdict * * * may have been influenced by improper remarks of counsel, that doubt should be resolved in favor of the defeated party." *Pesek* at 502.

{¶ 13} In granting Sheffield's motion for a new trial, the trial court expressed concern that its mild rebuke to defense counsel and its explanation to the jury following the remark may have been insufficient to erase the remark from the jury's consideration. The trial court found there was "a substantial likelihood that the jury was misled and that the verdict was

influenced by defense counsel's improper remarks."

{¶ 14} We note that while giving its jury instructions before the jury retired to deliberate, the trial court made the following statement: "A party who seeks to recover for injuries must prove not only that the other party acted and in this case negligently, *the word intentionally should not have been in these instructions*, but also that such actions were a direct cause of the injuries." (Emphasis added.) The written jury instructions do not mention the term "intentionally."

{¶ 15} In light of the concerns of the trial court who witnessed the trial firsthand, its belief defense counsel used the legal term "purposely" intentionally and not accidentally, its finding there was a substantial likelihood the jury was misled and the verdict was influenced by defense counsel's use of the term "purposely" during his short closing arguments, and the trial court's verbal reference to the term "intentionally" during the final jury instructions, we find the trial court did not abuse its discretion in granting a new trial under Civ.R. 59(A)(2). The trial court was in the best position to assess whether defense counsel's conduct was intentional and what impact it had on the jury. The trial court believed there was doubt as to whether defense counsel's remark influenced the jury, and pursuant to the Ohio Supreme Court's decision in *Pesek*, resolved the doubt in favor of Sheffield, the defeated party.

{¶ 16} The estate's assignment of error is accordingly overruled.

{¶ 17} Judgment affirmed.

PIPER, P.J., concurs.

RINGLAND, J., dissents.

**RINGLAND, J., dissenting.**

{¶ 18} I respectfully dissent from the majority's decision. I would find that the trial court

abused its discretion in determining that the improper use of single word, which was immediately objected to and twice corrected via curative instructions, created a substantial likelihood that the jury may have been misled.

{¶ 19} "Curative instructions are presumed to be an effective way to remedy errors that occur during trial." *State v. Parker*, 5th Dist. Stark No. 2013CA00217, 2014-Ohio-3488, ¶ 36, citing *State v. Treesh*, 90 Ohio St.3d 460 (2001). A jury is presumed to follow and comply with instructions given to them by the trial court. *State v. Carpenter*, 12th Dist. Butler No. CA2005-11-494, 2007-Ohio-5790, ¶ 20, citing *Pang v. Minch*, 53 Ohio St.3d 186 (1990). In the present case, there is no indication the jury did not comply with the trial court's curative instruction. The jury asked no questions of the court that would imply the error continued to taint the jurors' minds following the correction. Therefore, we must presume the jury complied with the trial court's curative instruction. This is especially true where, as here, the error consisted of nothing more than a single improperly used word, immediately objected to and cured by the trial court.

{¶ 20} Accordingly, I respectfully dissent from the majority's decision and would find that the trial court erred in granting the motion for a new trial.